**EXHIBIT E**

```
 1  MARK F. HAZELWOOD, # 136521
    DIRK D. LARSEN, #246028
 2  LOW, BALL & LYNCH
    505 Montgomery Street, 7th Floor
 3  San Francisco, California 94111-2584
    Telephone: (415) 981-6630
 4  Facsimile: (415) 982-1634

 5  Attorneys for Defendant
    SILICON VALLEY ANIMAL CONTROL AUTHORITY
 6
```

ENDORSED FILED
07 OCT 26 PM 2:01
G. Duarte, CLERK
SUPERIOR COURT OF CA.
COUNTY OF SANTA CLARA
BY _____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| LEE JACKSON and KENNETH JACKSON, <br><br> Plaintiffs, <br><br> v. <br><br> SILICON VALLEY ANIMAL CONTROL AUTHORITY, CITY OF SANTA CLARA, CITY OF CAMPBELL, HUMANE SOCIETY SILICON VALLEY DOES 1 TO 20, <br><br> Defendants. | Case No.: 107CV079050 <br><br> DEFENDANT SILICON VALLEY ANIMAL CONTROL AUTHORITY'S UNVERIFIED ANSWER TO PLAINTIFFS' UNVERIFIED FIRST AMENDED COMPLAINT <br><br> **BY FAX** |

Defendant SILICON VALLEY ANIMAL CONTROL AUTHORITY, in answer to the allegations of the unverified first amended complaint on file herein, denies each and every allegation of said first amended complaint, and in this connection defendant SILICON VALLEY ANIMAL CONTROL AUTHORITY denies that plaintiffs LEE JACKSON and KENNETH JACKSON have been injured or damaged in any of the sums mentioned in the first amended complaint or in any other amount by reason of any act or omission of this answering defendant.

FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That plaintiffs assumed the risk of any injuries and/or damages resulting from the matters set forth in said complaint, and that said assumption of risk by plaintiffs was a cause of the injuries and/or damages alleged by plaintiffs, if any there were.

---
-1-
DEFENDANT SILICON VALLEY ANIMAL CONTROL AUTHORITY'S ANSWER TO FIRST AMENDED COMPLAINT
J:\1042\sf0016\Pld\P-Ans-1stAm.wpd

SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That plaintiffs were themselves negligent and careless in and about the matters and events set forth in the complaint, and that said negligence contributed to their alleged injuries and/or damages. A verdict of the jury in favor of plaintiffs, if any, which may be rendered in this case must therefore be reduced by the percentage that plaintiffs' negligence contributed to the accident and injuries complained of, if any there were.

THIRD AFFIRMATIVE DEFENSE

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That the first amended complaint does not state facts sufficient to constitute a cause of action against this answering defendant.

FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiffs' causes of action are barred by reason of the provisions of California Code of Civil Procedure sections 335.1, 337, 337.1, 338, 339, 340, and 343.

FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiffs failed to mitigate their damages.

SIXTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiffs were guilty of willful misconduct and wanton and reckless behavior in and about the matters and events set forth in said complaint; and that said willful misconduct and wanton and reckless behavior contributed to the injuries and damages alleged, if any there were.

SEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

1  Prior to the time when defendant was alleged to have committed the acts complained of,
2  plaintiffs invited, gave permission to, and consented to the acts alleged in the complaint. Each of the
3  acts alleged in the complaint, which acts are expressly denied, was done within the scope of this consent
4  and permission.

### EIGHTH AFFIRMATIVE DEFENSE

6  AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
7  ALLEGES:

8  Any and all acts or omissions of this defendant, its agents and employees, which allegedly caused
9  the injury at the time and place set forth were the result of an exercise of discretion vested in them. This
10  defendant is thus immune from liability.

### NINTH AFFIRMATIVE DEFENSE

12  AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:
13  That plaintiffs failed to set forth the facts sufficient to state a cause of action due to a failure to
14  comply with claims requirements of the California Government Code §§ 900 et. seq.

### TENTH AFFIRMATIVE DEFENSE

16  AS AND FOR AN TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
17  ALLEGES:

18  The acts of this answering defendant were lawful and proper and in all respects were reasonable
19  and legal.

### ELEVENTH AFFIRMATIVE DEFENSE

21  AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
22  ALLEGES:

23  This answering defendant acted in good faith and with a reasonable belief that the actions were
24  lawful and further did not directly or indirectly perform any acts whatsoever which would constitute a
25  breach of any duty owed to plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

27  AS AND FOR A TWELFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
28  ALLEGES:

1  This answering defendant is immune from liability pursuant to the provisions of §§ 815, 815.2, 818, 820.2, 820.4, 820.6, 820.8, 820.9, 821.6, 844.6, and 845.6 of the Government Code of the State of California.

### THIRTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

That the facts alleged in the first amended complaint do not involve any custom, practice, procedure or regulation of defendant, which gives rise to a violation of a constitutional right pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

### FOURTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Any and all acts and omissions of this defendant, which allegedly caused the injuries of which plaintiffs complains, which acts and injuries defendant expressly denies, were performed beyond the scope of an employment, agency or other relationship between this defendant and any other person.

### FIFTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Any and all mandatory duties imposed upon defendant, its agents and employees, the failure of which allegedly created the condition complained of, were exercised with reasonable diligence and therefore defendant is not liable pursuant to Government Code § 815.6.

### SIXTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The allegations of the first amended complaint are barred by the equitable doctrines of latches, waiver, estoppel and unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT

1  ALLEGES:

2  Each of the other parties was negligent or legally responsible or otherwise at fault for the
3  damages alleged in the plaintiff's complaint. This answering defendant, therefore, requests that, in the
4  event of a finding of any liability in favor of plaintiffs, or settlement or judgment against this answering
5  defendant, an apportionment of fault be made among all parties as permitted by *Li v. Yellow Cab*
6  *Company* and *American Motorcycle Association v. Superior Court* by the court or jury. This answering
7  defendant further requests a judgment and declaration of partial indemnification and contribution against
8  all other parties or persons in accordance with the apportionment of fault.

9  EIGHTEENTH AFFIRMATIVE DEFENSE

10  AS AND FOR A EIGHTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
11  ALLEGES:

12  Plaintiffs' first amended complaint, and each cause of action therein, is barred by the doctrines of
13  collateral estoppel and res judicata.

14  NINETEENTH AFFIRMATIVE DEFENSE

15  AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
16  ALLEGES:

17  Plaintiffs lack standing to bring this action.

18  TWENTIETH AFFIRMATIVE DEFENSE

19  AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT
20  ALLEGES:

21  Plaintiffs have failed to set out their claims with sufficient particularity to permit this answering
22  defendant to raise all appropriate defenses. This answering defendant accordingly reserves the right to
23  add additional defenses as the factual bases for plaintiffs' claims become known.

24

25  **JURY DEMAND**

26  Defendants hereby demand a jury trial in this action.

27

28  WHEREFORE, defendant prays that plaintiffs take nothing by way of the complaint on file

-5-

1 | herein and that defendant have judgment for their costs, attorneys' fees and for such other and further
2 | relief as the court deems proper.

4 | Dated: October 26, 2007.

LOW, BALL & LYNCH

By _____
MARK F. HAZELWOOD
DIRK D. LARSEN
Attorneys for Defendant
SILICON VALLEY ANIMAL CONTROL AUTHORITY

---

-6-

DEFENDANT SILICON VALLEY ANIMAL CONTROL AUTHORITY'S ANSWER TO FIRST AMENDED COMPLAINT
J:\1042\sf0016\Pld\P-Ans-1stAm.wpd

Action: <u>Jackson v. Silicon Valley Animal Control Authority, et al.</u>
Santa Clara County Superior Court Case No.: 107CV079050

## PROOF OF SERVICE

I am over the age of eighteen (18) years and not a party to the within action. I am employed at Low, Ball & Lynch, 505 Montgomery Street, 7th Floor, San Francisco, California 94111.

On the date indicated below, I served the following document(s) enclosed in a sealed envelope on the listed addresses:

**DOCUMENT(S):** DEFENDANT SILICON VALLEY ANIMAL CONTROL AUTHORITY'S UNVERIFIED ANSWER TO PLAINTIFFS' UNVERIFIED FIRST AMENDED COMPLAINT

**ADDRESSES:**   SEE ATTACHED SERVICE LIST

[X]   **(BY MAIL)** I placed a true copy, enclosed in a sealed, postage paid envelope, and deposited same for collection and mailing at San Francisco, California, following ordinary business practices, addressed as set forth below.

[ ]   **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand to the addressees noted above or on the attachment herein by _____ Legal Services.

[ ]   **(BY FACSIMILE)** I caused the said document to be transmitted by Facsimile transmission to the number indicated after the addresses noted above or on the attachment herein.

[ ]   **(BY OVERNIGHT COURIER)** I caused each such envelope addressed to the parties to be deposited in a box or other facility regularly maintained by the overnight courier or driver authorized by the overnight courier to receive documents.

I am readily familiar with this law firm's practice for the collection and processing of documents for regular and certified mailing, overnight mail, and facsimile transaction, and said document(s) are deposited with the United States Postal Service or overnight courier depository on the same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on October 26, 2007.

Kathi de Leon

-1-
PROOF OF SERVICE

J:\1042\sf0016\Spos.kde.wpd

## SERVICE LIST

Stuart M. Wilson, Esq.
1671 The Alameda, Suite 300
San Jose, CA 95126
Telephone: 408/293-8400
Facsimile: 408/293-0714
**Attys. for Plaintiffs**

Joseph Costella, Esq.
Joseph Costella & Associates
P.O. Box 8090
Walnut Creek, CA 94596
Telephone: 925/945-4491
Facsimile: 925/945-4454
**Attys. for Humane Society Silicon Valley**

Michael C. Serverian, Esq.
Rankin Law Firm
96 North Third Street, Suite 500
San Jose, CA 95112-5572
Telephone: 408/293-0463
Facsimile: 408/293-9514
**Attys. for City of Santa Clara**

William R. Seligmann, Esq.
William R. Seligmann Law Offices
33 Church Street, Suite A
Santa Cruz, CA 95060
Telephone: 831/423-8383
Facsimile: 831/438-0104
**Attys. for City of Campbell**

PROOF OF SERVICE

J:\1042\sf0016\$pos.kde.wpd

10-23-07

William R. Seligmann SBN 108129
Law Offices of William R. Seligmann
333 Church Street, Suite A
Santa Cruz, California 95060
(831) 423-8383

Attorney for Defendant CITY OF CAMPBELL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

| | |
|---|---|
| LEE JACKSON and KENNETH JACKSON,<br><br>Plaintiffs,<br><br>vs.<br><br>SILICON VALLEY ANIMAL CONTROL AUTHORITY, CITY OF SANTA CLARA, CITY OF CAMPBELL, HUMANE SOCIETY OF SILICON VALLEY, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 1-07-CV-079050<br><br>ANSWER OF DEFENDANT CITY OF CAMPBELL TO PLAINTIFFS' FIRST AMENDED COMPLAINT |

## ANSWER

Defendant CITY OF CAMPBELL, answers the unverified complaint of Plaintiff on file herein as follows:

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendant denies each and every, all and singular, generally and specifically, the allegations contained in the complaint.

Defendant further specifically denies that Plaintiffs have been damaged, in any sum, or otherwise, or at all, by reason of any act or omission of Defendant.

Answer of Defendant City of Campbell - 1

**AFFIRMATIVE DEFENSES**

1. AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant is informed and believes and alleges thereon that said complaint fails to state facts sufficient to constitute a cause of action against Defendant.

2. AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, this answering Defendant is informed and believes and alleges thereon the provisions of the California Tort Claims Act of the California Government Code as a measure of the duty of this answering Defendant.

3. AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant is informed and believes and alleges thereon that the complaint, and each cause of action therein, is barred by the following provisions of the California Tort Claims Act: Government Code Section: 815; 815.2; 815.4; 815.6; 816; 818; 818.2; 818.4; 818.6; 818.8; 820; 820.2; 820.25; 820.4; 820.6; 820.8; 820.9; 821; 821.2; 821.4; 821.5; 821.6; 821.8; 822.2; 830.2; 830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8; 835; 835.2; 835.4; 840; 840.2; 840.4; 840.6; 866 and 867.

4. AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant is informed and believes and alleges thereon that any liability of Defendant is barred by the provisions of California Government Code Sections 815, 815.2, 820.2 and other applicable provisions of law and each of them, in that any injury or damage to Plaintiffs as alleged in said complaint would have resulted from acts or omissions of public employees or Defendant CITY OF CAMPBELL, if at all, in the exercise of discretion vested in them.

5. AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant is informed and believes and alleges thereon that the employees, officials, and agents of Defendant CITY OF CAMPBELL were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiffs may have is barred by law.

6. AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant is informed and believes and alleges thereon by way of a plea of comparative negligence that Plaintiffs were negligent in and about the matters and activities alleged in said complaint, that said negligence contributed to and was a proximate cause of Plaintiffs' alleged injuries and damages, in any, or was the sole cause thereof, and that if Plaintiffs are entitled to recover damages against Defendant by virtue of said complaint, Defendant prays that the recovery be diminished or extinguished by reason of the negligence of the Plaintiffs in proportion to the degree of fault attributable to the Plaintiffs.

7. AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant is informed and believes and alleges thereon that at the time and place of the alleged injuries, Plaintiffs were not exercising ordinary care, caution, or prudence to prevent injuries and that Plaintiffs' conduct was in direct violation of certain statutes, ordinance, and/or regulations, then and there in full force and effect. Therefore, the alleged injuries or damages were proximately caused by the negligence of Plaintiffs.

8. AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant is informed and believes and alleges thereon that the fault of persons other than Defendant contributed to and proximately caused the occurrence, and that under the principles formulated in the case of <u>American Motorcycle Association v. Superior Court</u> (1978) 20 Cal. 3d 578, Defendant prays that the percentage of such contribution be established by special verdict or other procedure, and that Defendants' ultimate liability be reduced to the extent of such contribution.

9. AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant is informed and believes and alleges thereon that at all times mentioned in Plaintiff complaint herein, Plaintiffs acted in a careless, reckless, wanton, and negligent manner in and about the matters set forth in the complaint, that such careless, reckless, wanton, and negligent conduct proximately contributed to the

injuries and damages, if any, sustained or claimed by Plaintiffs, and that a consequence, Plaintiffs' claim is barred.

10. AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant is informed and believes and alleges thereon that Plaintiffs failed to exercise reasonable care and diligence to mitigate Plaintiffs' alleged damages.

11. AS AND FOR AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant is informed and believes and alleges thereon that Plaintiffs knew and were aware that their conduct presented a substantial risk of causing the injuries alleged in his complaint, and with such knowledge assumed the risk of his injuries.

12. AS AND FOR A TWELVTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant is informed and believes and alleges thereon that the alleged causes of action are barred by the applicable statutes of limitations.

13. AS AND FOR AN THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant is informed and believes and alleges thereon that Plaintiff failed to file a complete and timely claim as required by the California Tort Claims Act.

14. AS AND FOR AN FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant is informed and believes and alleges thereon Plaintiffs failed to exhaust their available administrative remedies.

15. AS AND FOR AN FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant is informed and believes and alleges thereon Plaintiffs failed to exhaust their available judicial remedies.

16. AS AND FOR AN SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, Defendant is informed and believes and alleges

thereon that Defendant is immune from an award of punitive or exemplary damages pursuant to California Government Code section 818.

WHEREFORE, Defendant prays that Plaintiff take nothing by the complaint filed herein, and that Defendant have judgment for costs of suite herein incurred and for such other and further relief as the Court may deem proper.

Dated: October 23, 2007

William R. Seligmann,
Attorney for Defendant CITY OF CAMPBELL

Answer of Defendant City of Campbell - 5

<u>Jackson et. al v. Silicon Valley Animal Control Authority et. al.</u>
Santa Clara County Superior Court Case No. 1-07-CV-079050

### Attorney Certificate of Service

I, William R. Seligmann, certify:

I am, and at all times mentioned herein was, an active member of the State Bar of California and not a party to the above-entitled cause. My business address is 333 Church Street, Suite A, Santa Cruz, California 95060.

I served the attached **ANSWER OF DEFENDANT CITY OF CAMPBELL TO PLAINTIFFS' FIRST AMENDED COMPLAINT** on October 23, 2007, by depositing three (3) copies of each of the documents in the United States mail in Campbell, Santa Clara County, California, in a sealed envelope, with postage fully prepaid, addressed to

Stuart Wilson
Attorney at Law
1671 The Alameda, Suite 300
San Jose, California 95126
Attorney for Plaintiffs

Michael C. Serverian
Rankin, Landsness, Lahde et. al.
96 North Third Street, Suite 500
San Jose, California 95112

and

Mark F. Hazlewood
Low, Ball & Lynch
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584

Attorneys for Silicon Valley Animal Control Authority
and the City of Santa Clara

Joseph C. Costella
Joseph C. Costella & Associates
P.O. Box 8090
Walnut Creek, California 94596
Attorneys for Humane Society of Silicon Valley

who are the parties and/or attorneys of record for the other parties in the above-entitled cause.

Dated: October 23, 2007

William R. Seligmann