ENDORSED

(P)

2007 AUG 23  P 2: 44

KEVIN J. GRIER, CLERK OF THE COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY:

A. Ilas

1  MARK F. HAZELWOOD, # 136521
   DIRK D. LARSEN, # 246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California  94111-2584
   Telephone: (415) 981-6630
4  Facsimile: (415) 982-1634

5  Attorneys for Defendant
   SILICON VALLEY ANIMAL CONTROL AUTHORITY
6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              IN AND FOR THE COUNTY OF SANTA CLARA

10

11  LEE JACKSON and KENNETH JACKSON,      )   Case No.: 107CV079050
                                          )
12                  Plaintiffs,           )   DEFENDANT SILICON VALLEY
                                          )   ANIMAL CONTROL
13        v.                              )   AUTHORITY'S NOTICE OF
                                          )   DEMURRER TO PLAINTIFF'S
14  SILICON VALLEY ANIMAL CONTROL         )   COMPLAINT
    AUTHORITY, CITY OF SANTA CLARA, CITY  )
15  OF CAMPBELL, HUMANE SOCIETY SILICON   )   Date:  September 25, 2007
    VALLEY DOES 1 TO 20,                  )   Time:  9:00 a.m.
16                                        )   Dept.: 22
                                          )
17                  Defendants.           )   Complaint filed: January 29, 2007
                                          )

BY FAX

18        TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19        NOTICE IS HEREBY GIVEN, that on September 25, 2007, at 9:00 a.m., in Department 22 of

20  the above-entitled court, defendant SILICON VALLEY ANIMAL CONTROL AUTHORITY

21  ("Defendant") will demur generally to the entire complaint (the "Complaint") filed in this action by

22  plaintiffs LEE JACKSON and KENNETH JACKSON ("Plaintiffs"), on grounds that the Complaint fails

23  to state facts sufficient to constitute any cause of action against Defendant.  Defendant will request that

24  this demurrer be sustained without leave to amend, and Plaintiff's complaint be dismissed with

25  prejudice.  Alternatively, Defendant will request that one or more causes of action against it be dismissed

26  without prejudice.

27        This demurrer is brought pursuant to Code of Civil Procedure §§ 430.50(a) and 430.10(e), on

28  grounds that Plaintiffs' Complaint fails to state any cause of action against Defendant.  The causes of

-1-

1  action alleged against Defendant in Plaintiff's complaint are: first cause of action for general negligence;

2  third cause of action for negligent hiring; fourth cause of action negligent infliction of emotional

3  distress; fifth cause of action for assault and battery; sixth cause of action for intentional infliction of

4  emotional distress; seventh cause of action for conversion; and eighth cause of action for violation of

5  civil rights pursuant to 42 U.S.C. § 1983.

6        This motion is based upon this Notice, the Memorandum of Points and Authorities filed

7  herewith, the Request for Judicial Notice and all exhibits attached thereto filed herewith, all papers in

8  support of the Defendant's Motion to Strike filed concurrently herewith, and upon such oral and/or

9  documentary evidence as may be presented at the hearing on this motion.

10

11        Dated:  August __23__, 2007.

12                                    LOW, BALL & LYNCH

13

14                                    By_____
                                        MARK F. HAZELWOOD
15                                      DIRK D. LARSEN
                                        Attorneys for Defendant
16                                      SILICON VALLEY ANIMAL CONTROL
                                        AUTHORITY
17

18

19

20

21

22

23

24

25

26

27

28

1  MARK F. HAZELWOOD, # 136521
   DIRK D. LARSEN, # 246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California 94111-2584
   Telephone: (415) 981-6630
4  Facsimile: (415) 982-1634

5  Attorneys for Defendant
   SILICON VALLEY ANIMAL CONTROL AUTHORITY

6

7

ENDORSED

2007 AUG 23 P 2: 44

A. Ilas

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      IN AND FOR THE COUNTY OF SANTA CLARA

10

11  LEE JACKSON and KENNETH JACKSON,        )    Case No.: 107CV079050
                                            )
12                    Plaintiffs,           )    DEFENDANT SILICON VALLEY
                                            )    ANIMAL CONTROL'S
13        v.                                )    DEMURRER TO PLAINTIFF'S
                                            )    COMPLAINT
14  SILICON VALLEY ANIMAL CONTROL           )
    AUTHORITY, CITY OF SANTA CLARA, CITY    )    Date:   September 25, 2007
15  OF CAMPBELL, HUMANE SOCIETY SILICON     )    Time:   9:00 a.m.
    VALLEY DOES 1 TO 20,                    )    Dept.:  22
16                                          )
                                            )                   BY FAX
17                    Defendants.           )
                                            )    Complaint filed: January 29, 2007
    _____)

18        TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19        Defendant SILICON VALLEY ANIMAL CONTROL AUTHORITY ("Defendant") hereby

20  generally demurs to Plaintiff LEE JACKSON and KENNETH JACKSON's complaint in this action (the

21  "Complaint") as well as to the causes of action contained therein and specified below on the following

22  grounds:

23  I.    GENERAL DEMURRER TO THE ENTIRE COMPLAINT

24        The Complaint fails to state facts sufficient to constitute any cause of action against Defendant.

25  (C.C.P. § 430.10(e).)

26  II.   GENERAL DEMURRER TO FIRST CAUSE OF ACTION FOR GENERAL NEGLIGENCE

27        The Complaint fails to state facts sufficient to constitute a cause of action for general negligence

28  against Defendant.  (C.C.P. §§ 430.10(a) and (e).)

-1-

1  III.   GENERAL DEMURRER TO THIRD CAUSE OF ACTION FOR NEGLIGENT HIRING

2         The Complaint fails to state facts sufficient to constitute a cause of action for negligent hiring

3  against Defendant.  (C.C.P. §§ 430.50(a) and 430.10(e).)

4  IV.   GENERAL DEMURRER TO FOURTH CAUSE OF ACTION FOR NEGLIGENT
       INFLICTION OF EMOTIONAL DISTRESS
5

6         The Complaint fails to state facts sufficient to constitute a cause of action for negligent infliction

7  of emotional distress against Defendant.  (C.C.P. §§ 430.50(a) and 430.10(e).)

8  V.    GENERAL DEMURRER TO FIFTH CAUSE OF ACTION FOR ASSAULT AND BATTERY

9         The Complaint fails to state facts sufficient to constitute a cause of action for assault and battery

10 against Defendant.  (C.C.P. §§ 430.50(a) and 430.10(e).)

11 VI.   GENERAL DEMURRER TO SIXTH CAUSE OF ACTION FOR INTENTIONAL
       INFLICTION OF EMOTIONAL DISTRESS
12

13        The Complaint fails to state facts sufficient to constitute a cause of action for intentional

14 infliction of emotional distress against Defendant.  (C.C.P. §§ 430.50(a) and 430.10(e).)

15 VII.  GENERAL DEMURRER TO SEVENTH CAUSE OF ACTION FOR CONVERSION

16        The Complaint fails to state facts sufficient to constitute a cause of action for conversion against

17 Defendant.  (C.C.P. §§ 430.50(a) and 430.10(e).)

18 VIII. GENERAL DEMURRER TO EIGHTH CAUSE OF ACTION FOR VIOLATION OF CIVIL
       RIGHTS PURSUANT TO 42 U.S.C. § 1983
19

20        The Complaint fails to state facts sufficient to constitute a cause of action for violation of civil

21 rights pursuant to 42 U.S.C. § 1983 against Defendant.  (C.C.P. §§ 430.50(a) and 430.10(e).)

22

23        Dated: August 23, 2007.

24                                  LOW, BALL & LYNCH

25

26        By_____
                                   MARK F. HAZELWOOD
27                                 DIRK D. LARSEN
                                   Attorneys for Defendant
28                                 SILICON VALLEY ANIMAL CONTROL
                                   AUTHORITY

ENDORSED

1  MARK F. HAZELWOOD, # 136521                2007 AUG 23  P  2: 44
   DIRK D. LARSEN, # 246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California 94111-2584
   Telephone: (415) 981-6630                      A. Ilas
4  Facsimile: (415) 982-1634

5  Attorneys for Defendant
   SILICON VALLEY ANIMAL CONTROL AUTHORITY
6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   IN AND FOR THE COUNTY OF SANTA CLARA

10

11  LEE JACKSON and KENNETH JACKSON,        )    Case No.: 107CV079050
                                            )
12                    Plaintiffs,           )    DEFENDANT SILICON VALLEY
                                            )    ANIMAL CONTROL
13            v.                            )    AUTHORITY'S MEMORANDUM
                                            )    OF POINTS AND AUTHORITIES
14  SILICON VALLEY ANIMAL CONTROL           )    IN SUPPORT OF DEMURRER TO
    AUTHORITY, CITY OF SANTA CLARA, CITY    )    PLAINTIFFS' COMPLAINT
15  OF CAMPBELL, HUMANE SOCIETY SILICON     )
    VALLEY DOES 1 TO 20,                    )    Date:   September 25, 2007
16                                          )    Time:   9:00 a.m.
                      Defendants.           )    Dept.:  22
17                                          )
                                            )
18  _____)   Complaint filed: January 29, 2007

19  I.    INTRODUCTION AND RELIEF SOUGHT                      BY FAX

20        This lawsuit arises out of allegations that defendants unlawfully entered plaintiff Lee Jackson and

21  Kenneth Jackson's ("Plaintiffs") motor home, seized Plaintiffs' pet animals, detained Plaintiffs and

22  battered plaintiff Lee Jackson on December 19, 2005. (Complaint.) Plaintiffs filed the complaint in this

23  action on January 29, 2007, alleging the following causes of action: (1) general negligence against the

24  Silicon Valley Animal Control Authority ("Defendant") and City of Santa Clara; (2) denial of due

25  process rights against the City of Campbell; (3) negligent hiring against the Silicon Valley Animal

26  Control Authority and City of Santa Clara; (4) negligent infliction of emotional distress against the

27  Silicon Valley Animal Control Authority and City of Santa Clara; (5) assault and battery against the

28  Silicon Valley Animal Control Authority and City of Santa Clara; (6) intentional infliction of emotional

-1-
DEFENDANT SILICON VALLEY ANIMAL CONTROL AUTHORITY'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEMURRER TO PLAINTIFFS' COMPLAINT
JA1042\sf\0016\Pld\DEM-mpa.wpd

1   distress against the Silicon Valley Animal Control Authority and City of Santa Clara; (7) conversion

2   against the Silicon Valley Animal Control Authority and City of Santa Clara;(8) violation of federal civil

3   rights (Fourth and Fourteenth Amendments to the U.S. Constitution) against the Silicon Valley Animal

4   Control Authority and City of Santa Clara; and (9) conversion against the Humane Society of Silicon

5   Valley. (Complaint.)

6        Pursuant to Code of Civil Procedure §§ 430.50(a) and 430.10(e), Defendant demurs generally to

7   Plaintiffs' entire Complaint and all causes of action alleged against Defendant, specifically: first cause of

8   action for general negligence; third cause of action for negligent hiring; fourth cause of action negligent

9   infliction of emotional distress; fifth cause of action for assault and battery; sixth cause of action for

10   intentional infliction of emotional distress; seventh cause of action for conversion; and eighth cause of

11   action for violation of civil rights pursuant to 42 U.S.C. § 1983. Accordingly, the Defendant respectfully

12   requests that its demurrer be sustained without leave to amend, and the Complaint be dismissed with

13   prejudice as to Defendant. In the alternative, Defendant respectfully requests that the Court sustain its

14   demurrer as to one or more causes of action alleged in the Complaint.

15   **II.    PLEADING ALLEGATIONS**

16        Plaintiffs' Complaint correctly acknowledges that Defendant is a public entity. (Complaint at 2.)

17   Plaintiffs' first, fourth, fifth, sixth, seventh and eighth causes of action against Defendant are all based

18   on the following set of facts: on December 19, 2005,

19           [d]efendants unlawfully entered Plaintiffs' motorhome, unlawfully seized
               Plaintiffs [sic] pet animals, unlawfully detained Plaintiffs and assaulted

20           and battered Plaintiff Lee Jackson, causing Plaintiffs severed [sic] mental,
               emotional and physical harm and depriving them of their property, pet

21           animals.

22   (Complaint at 4, 7-12.)

23        Plaintiff's third cause of action for negligent hiring against Defendant contains the following

24   allegations:

25           Defendants negligently hired, trained and supervised employees including
               A. Morris, Al Davis, and others not known known [sic] by name who

26           participated in the events surrounding the unlawful seizure of Plaintiffs'
               pet animals on 12-19-05.

27

28   (Complaint at 6.)

-2-

1  **III.    ARGUMENT**

2      **A.    Applicable Law**.

3      Code of Civil Procedure § 430.10 provides, in pertinent part:

4          The party against whom a complaint or cross-complaint has been filed may object, by
           demurrer . . . to the pleading on one or more of the following grounds:

5

6              (e)    The pleading does not state facts sufficient to constitute a cause of action.

7      A demurrer for failure to state a cause of action is commonly referred to as a "general demurrer."

8  (*Cal. Practice Guide: Civ. Proc. Before Trial (The Rutter Group)*, p. 7-17, § 7:37.)  A general demurrer

9  will lie if a defense to a cause of action appears on the face of the complaint.  (*Id.* at 7-25, § 7:40.)  A

10 demurrer to a complaint may be taken to the whole complaint or to any of the causes of action stated

11 therein. (C.C.P. § 430.50(a).)

12     A complaint must contain facts constituting a cause of action in ordinary and concise language.

13 (C.C.P. § 425.10(a)(1).)  It must do so without the aid of conjectural facts that are not directly alleged.

14 (*Hawkins v. Oakland Title Ins. & Guar. Co.* (1958) 165 Cal.App.2d 116, 122.)  The conclusions of the

15 pleader are disregarded. (*Faulkner v. California Toll Bridge Authority* (1953) 40 Cal.2d 317, 329.)  The

16 "facts" to be pleaded are those upon which liability depends, i.e., "the facts constituting the cause of

17 action." (C.C.P. § 425.10(a)(1); *Cal. Practice Guide: Civ. Proc. Before Trial (The Rutter Group)*, p.

18 6-31, §6:123.)  These are commonly referred to as "ultimate facts." (*Cal. Practice Guide: Civ. Proc.*

19 *Before Trial (The Rutter Group)*, p. 6-31, §6:123.)  Failure to plead ultimate facts subjects the complaint

20 to a demurrer for failure to state facts constituting a cause of action. (C.C.P. § 430.10(e).)

21     **B.    Plaintiffs' State-Law Claims Fail to State Facts Sufficient to Constitute Any Cause
           of Action Against Defendant, A Public Entity**.

22

23     Plaintiffs' Complaint contains six apparently state-law causes of action against Defendant, which

24 the Complaint acknowledges is a public entity: first cause of action for general negligence; third cause of

25 action for negligent hiring; fourth cause of action for negligent infliction of emotional distress; fifth

26 cause of action for assault and battery; sixth cause of action for intentional infliction of emotional

27 distress; and seventh cause of action for conversion.  (Complaint, 2, 4, 6-10.)  For the reasons discussed

28 below, all of these claims fail to state facts sufficient to constitute a cause of action against this public-

-3-

1    entity Defendant.

2        **1    Because the Complaint Fails to Allege or Excuse Compliance with Government Code §§ 900 *et seq.*, It Fails to State Facts Sufficient to**
3        **Constitute a Cause of Action Against Defendant**.

4        Government Code § 911.2 provides that a "claim relating to a cause of action for death or for

5    injury to person or to personal property ... shall be presented as provided in ... this chapter not later than

6    six months after the accrual of the cause of action." Under § 945.4, "no suit for money or damages may

7    be brought against a public entity on a cause of action for which a claim is required to be presented ...

8    until a written claim therefor has been presented to the public entity and has been ... rejected[.]"

9    Moreover, the California Supreme Court has held that "failure to allege facts demonstrating or excusing

10   compliance with the claim presentation requirement subjects a claim against a public entity to a

11   demurrer for failure to state a cause of action." (*State v. Superior Court (Bodde)* (2004) 32 Cal.4th

12   1234, 1239.)

13       Plaintiffs' Complaint acknowledges that Defendant is a public entity. (Complaint at 2.)

14   However, the Complaint fails to allege or excuse compliance with Government Code §§ 900 *et seq.*

15   (*See* Complaint.) Accordingly, the Complaint fails to state any state-law cause of action against

16   Defendant and should thus be dismissed.

17       **2    Because the Complaint Fails to Allege a Statutory Basis for Liability on the Part of Defendant, a Public Entity, It Fails to State Facts Sufficient to**
18       **Constitute a Cause of Action Against Defendant**.

19       There can be no be viable cause of action asserted against the Silicon Valley Animal Control

20   Authority absent a statute establishing liability of the public entity for the complained actions. (*See* Gov.

21   Code §§ 815, 815.2(b); Legis. Comm. Com. to §§ 815, 815.2(b); also see *Morris v. State of California*

22   (1979) 89 Cal.App.3d 962, 964; *Datil v. City of Los Angeles* (1968) 263 Cal.App.2d 655, 660.)

23   Government Code section 815 provides as follows: "Except as otherwise provided by statute: (a) A

24   public entity is not liable for an injury, whether such injury arises out of an act or omission of the public

25   entity or a public employee or any other person..."

26       In other words, there is no common law liability for the negligence or other acts of a public

27   entity. This principle was fully explained in *Cochran v. Herzog* (1984) 155 Cal.App.3d 405, at page

28   409, where the court stated:

-4-

1   Government Code section 815, enacted in 1963, abolished all common
    law or judicially declared form of liability for public entities, except for
2   such liability as may be required by the federal or state constitution.  Thus,
    in the absence of some constitutional requirement, public entities may be
3   liable *only* [emphasis in original] if a statute declares them to be liable.
    Moreover. . .the immunity provisions of the California Tort Claims Act
4   will generally prevail over any liabilities established by statute [citations
    omitted].  In short, sovereign immunity is the rule in California;
5   government tort liability is limited to exceptions specifically set forth by
    statute.
6

7        The court further explained that "[t]o state a cause of action against a public entity, every fact

8   material to the existence of its statutory duty must be pleaded with particularity [citations omitted].  The

9   complaints were thus subject to demurrer for failure to state a claim on which relief may be granted."

10  (*Id.* at 410 n.2.)

11       A complaint against a government entity must also allege the particular statute(s) which

12  establishes the duty alleged to have been breached.  (*See Zuniga v. Housing Authority* (1995) 41

13  Cal.App.4th 82, 96 [disapproved on other grounds in *Zelig v. County of Los Angeles* (2002) 27 Cal.4th

14  1112, 1146].)  Plaintiffs' complaint is subject to demurrer because it fails to identify any statutory basis

15  for liability on the part of Defendant.

16       Accordingly, Plaintiffs' first, third, fourth, fifth, sixth and seventh claims against the Silicon

17  Valley Animal Control Authority fail to state facts sufficient to constitute a cause of action and should

18  thus be dismissed.

19       **3    The Complaint Does Not State Facts Sufficient to Constitute Plaintiffs'
              Fourth Cause of Action for Negligent Infliction of Emotional Distress.**
20

21       The negligent causing of emotional distress is not an independent tort.  (*Marlene F. v. Affiliated*

22  *Psychiatric Medical Clinic, Inc.* (1989) 48 Cal.3d 583, 588 [internal citation omitted].  Instead,

23  emotional distress is a common additional element of damages, which may be given when the cause of

24  action is otherwise established.  (*See Long v. PKS, Inc.* (1993) 12 Cal.App.4th 1293, 1298 [internal

25  citations omitted].)  Plaintiffs' fourth cause of action for negligent infliction of emotional distress thus

26  fails to state facts sufficient to constitute a cause of action.  Accordingly, a general demurrer lies to this

27  claim.

28  / / /

-5-

1    **C.    A General Demurrer Lies to Plaintiffs' Eighth Cause of Action Pursuant to 42**
2    **U.S.C. § 1983 Because It Does Not Allege that the Claimed Injury Was Caused by**
     **Defendant's Official Custom or Policy.**

3        Plaintiffs' eighth cause of action for violation of civil rights pursuant to 42 U.S.C. § 1983 fails to

4    meet the pleading requirements of that section as it applies to municipalities and their subdivisions.  (*See*

5    42 U.S.C. § 1983;  *Monell v. Dept. of Soc. Svcs. of City of New York* (1978) 436 U.S. 658, 690).  *Monell*

6    allows local governing bodies to be sued under § 1983 only where the alleged violation implements or

7    executes a policy or custom.  (*Id.*)  A local governing body's liability under *Monell* may be premised on

8    one of three theories: (1) that an employee was acting pursuant to an expressly adopted official policy;

9    (2) that an employee was acting pursuant to a longstanding practice or custom; or (3) that an employee

10   was acting as a "final policymaker." (*Lytle v. Carl* (9th Cir. 2004) 382 F.3d 978, 982.)  Plaintiffs'

11   Complaint fails to state any of these three theories as a basis for the liability of Defendant for an alleged

12   violation of Plaintiffs' federal rights.  Accordingly, the Complaint fails to allege facts sufficient to

13   constitute this cause of action against the Silicon Valley Animal Control Authority, and a general

14   demurrer lies.

15   **IV.    CONCLUSION**

16       For the foregoing reasons, defendant SILICON VALLEY ANIMAL CONTROL AUTHORITY

17   respectfully requests that the Court sustain its demurrer to Plaintiffs' first, third, fourth, fifth, sixth,

18   seventh and eighth causes of action without leave to amend and, accordingly, to dismiss Plaintiffs'

19   Complaint against Defendant with prejudice.

20

21       Dated: August  23 , 2007.

22                                           LOW, BALL & LYNCH

23

24                                    By
                                           MARK F. HAZELWOOD
25                                         DIRK D. LARSEN
                                           Attorneys for Defendant
26                                         SILICON VALLEY ANIMAL CONTROL
                                           AUTHORITY
27

28

-6-

1  MARK F. HAZELWOOD, # 136521
   DIRK D. LARSEN, # 246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California 94111-2584
   Telephone: (415) 981-6630
4  Facsimile: (415) 982-1634

5  Attorneys for Defendant
   SILICON VALLEY ANIMAL CONTROL AUTHORITY

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  IN AND FOR THE COUNTY OF SANTA CLARA

10

11 LEE JACKSON and KENNETH JACKSON,     )    Case No.: 107CV079050
                                        )
12            Plaintiffs,               )    DEFENDANT SILICON VALLEY
                                        )    ANIMAL CONTROL
13       v.                             )    AUTHORITY'S REQUEST FOR
                                        )    JUDICIAL NOTICE IN SUPPORT
14 SILICON VALLEY ANIMAL CONTROL        )    OF DEMURRER TO PLAINTIFF'S
   AUTHORITY, CITY OF SANTA CLARA, CITY )    COMPLAINT
15 OF CAMPBELL, HUMANE SOCIETY SILICON  )
   VALLEY DOES 1 TO 20,                 )    Date:  September 25, 2007
16                                      )    Time:  9:00 a.m.
              Defendants.               )    Dept.: 22
17                                      )
                                        )    Complaint filed: January 29, 2007
18 _____  )

                                                                    BY FAX

19       TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20       Pursuant to Evidence Code §§ 452 and 453, and without admitting to the truth any of the

21 allegations stated therein, defendant SILICON VALLEY ANIMAL CONTROL AUTHORITY

22 respectfully requests that the Court take judicial notice of the genuineness of plaintiff LEE JACKSON

23 and KENNETH JACKSON's complaint filed in this action on January 29, 2007.  A true and correct

24 copy of said document is attached hereto as Exhibit "1."

25       The court may further take judicial notice of any records of any court of the state. (Evidence

26 Code § 452(d).)  When a party requests that the court take judicial notice of such matters and gives the

27 adverse party sufficient notice of the request to enable the adverse party to meet the request and

28 furnishes the court with sufficient information to enable it to take judicial notice of the matter, judicial

                                       -1-

1   notice is mandatory. (Evidence Code § 453.)

2

3       Dated: August ___23___, 2007.

4                        LOW, BALL & LYNCH

5

6                       By_____

7                         MARK F. HAZELWOOD
                            DIRK D. LARSEN

8                         Attorneys for Defendant
                         SILICON VALLEY ANIMAL CONTROL
                         AUTHORITY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

J:\1042\sf0016\Pld\DEM-rjn.wpd