1  MARK F. HAZELWOOD, # 136521
   DIRK D. LARSEN, # 246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California 94111-2584
   Telephone: (415) 981-6630
4  Facsimile: (415) 982-1634

5  Attorneys for Defendant
   SILICON VALLEY ANIMAL CONTROL AUTHORITY
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SANTA CLARA

10

11 LEE JACKSON and KENNETH JACKSON,       )   Case No.: 107CV079050
                                          )
12              Plaintiffs,               )   [PROPOSED] ORDER
                                          )   SUSTAINING DEFENDANT
13        v.                              )   SILICON VALLEY ANIMAL
                                          )   CONTROL AUTHORITY'S
14 SILICON VALLEY ANIMAL CONTROL          )   DEMURRER AND DISMISSING
   AUTHORITY, CITY OF SANTA CLARA, CITY   )   PLAINTIFF'S COMPLAINT
15 OF CAMPBELL, HUMANE SOCIETY SILICON    )
   VALLEY DOES 1 TO 20,                   )
16                                        )   Date:  September 25, 2007
                                          )   Time:  9:00 a.m.
17                                        )   Dept.: 22
                                          )
18              Defendants.               )   Complaint filed: January 29, 2007
   _____    )

BY FAX

19        Defendant SILICON VALLEY ANIMAL CONTROL AUTHORITY's ("Defendant")

20 demurrer to plaintiff LEE JACKSON and KENNETH JACKSON's ("Plaintiffs") complaint filed in this

21 action came on regularly for hearing in Department 22 of this Court on September 22, 2007. Low, Ball

22 & Lynch appeared on behalf of Defendant, and _____ appeared on behalf of

23 Plaintiffs.

24        Having read and considered all papers submitted by the parties in regard to Defendant's

25 demurrer, and having heard all oral argument presented by the parties relating thereto, this Court rules as

26 follows:

27        1.    Defendant's general demurrer to Plaintiffs' entire complaint is sustained without leave to

28 amend pursuant to Code of Civil Procedure § 430.10(e), because Plaintiffs' complaint fails to state facts

-1-

1  sufficient to constitute any cause of action against Defendant.

2      2.      Defendant's general demurrer to Plaintiffs' first cause of action for general negligence is

3  sustained without leave to amend pursuant to Code of Civil Procedure §§ 430.10(e) and 430.50(a),

4  because Plaintiff's complaint fails to state facts sufficient to constitute a cause of action for general

5  negligence against Defendant.

6      3.      Defendant's general demurrer to Plaintiffs' third cause of action for negligent hiring is

7  sustained without leave to amend pursuant to Code of Civil Procedure §§ 430.10(e) and 430.50(a),

8  because Plaintiff's complaint fails to state facts sufficient to constitute a cause of action for negligent

9  hiring against Defendant.

10      4.      Defendant's general demurrer to Plaintiffs' fourth cause of action for negligent infliction

11  of emotional distress is sustained without leave to amend pursuant to Code of Civil Procedure

12  §§ 430.10(e) and 430.50(a), because Plaintiff's complaint fails to state facts sufficient to constitute a

13  cause of action for negligent infliction of emotional distress against Defendant.

14      5.      Defendant's general demurrer to Plaintiffs' fifth cause of action for assault and battery is

15  sustained without leave to amend pursuant to Code of Civil Procedure §§ 430.10(e) and 430.50(a),

16  because Plaintiff's complaint fails to state facts sufficient to constitute a cause of action for assault and

17  battery against Defendant.

18      6.      Defendant's general demurrer to Plaintiffs' sixth cause of action for intentional infliction

19  of emotional distress is sustained without leave to amend pursuant to Code of Civil Procedure

20  §§ 430.10(e) and 430.50(a), because Plaintiff's complaint fails to state facts sufficient to constitute a

21  cause of action for intentional infliction of emotional distress against Defendant.

22      7.      Defendant's general demurrer to Plaintiffs' seventh cause of action for conversion is

23  sustained without leave to amend pursuant to Code of Civil Procedure §§ 430.10(e) and 430.50(a),

24  because Plaintiff's complaint fails to state facts sufficient to constitute a cause of action for conversion

25  against Defendant.

26      8.      Defendant's general demurrer to Plaintiffs' eighth cause of action for violation of civil

27  rights pursuant to 42 U.S.C. § 1983 is sustained without leave to amend pursuant to Code of Civil

28  Procedure §§ 430.10(e) and 430.50(a), because Plaintiff's complaint fails to state facts sufficient to

1 | constitute a cause of action for violation of civil rights pursuant to 42 U.S.C. § 1983 against Defendant.

2 |      9.    Because the Court has sustained the Defendant's demurrer to the entire complaint without

3 | leave to amend, Plaintiffs' complaint against the Defendant in this action is hereby dismissed with

4 | prejudice.

5 |     IT IS SO ORDERED.

6 |

7 |     Dated: _____

8 |

9 |                                           JUDGE OF THE SUPERIOR COURT

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

[PROPOSED] ORDER SUSTAINING DEFENDANT SILICON VALLEY ANIMAL CONTROL AUTHORITY'S DEMURRER
AND DISMISSING PLAINTIFFS' COMPLAINT

J:\1042\sf0016\Pld\DEM-pord.wpd

1  MARK F. HAZELWOOD, # 136521
   DIRK D. LARSEN, #246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California 94111-2584
   Telephone: (415) 981-6630
4  Facsimile: (415) 982-1634

5  Attorneys for Defendant
   SILICON VALLEY ANIMAL CONTROL AUTHORITY
6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SANTA CLARA

10

11  LEE JACKSON and KENNETH JACKSON,        )   Case No.: 107CV079050

12                      Plaintiffs,          )

13          v.                               )   PROOF OF SERVICE
                                             )   (Demurrer)
14  SILICON VALLEY ANIMAL CONTROL            )
    AUTHORITY, CITY OF SANTA CLARA, CITY     )
15  OF CAMPBELL, HUMANE SOCIETY SILICON      )
    VALLEY DOES 1 TO 20,                     )
16                                           )
                                             )   **BY FAX**
17                      Defendants.          )

18

19

20

21

22

23

24

25

26

27

28

-1-

J:\1042\sf0016\SPOS-cover.wpd

1  Jackson v. Silicon Valley Animal Control Authority, et al.
   Santa Clara County Superior Court Case No.: 107CV079050
2
                          **PROOF OF SERVICE**
3
       I am over the age of eighteen (18) years and not a party to the within action. I am employed at
4  Low, Ball & Lynch, 505 Montgomery Street, 7ᵗʰ Floor, San Francisco, California 94111.

5       On the date indicated below, I served the following documents enclosed in a sealed envelope on
   the listed addresses:
6
   **DOCUMENT:**        DEFENDANT SILICON VALLEY ANIMAL CONTROL AUTHORITY'S:
7
                        –    NOTICE OF DEMURRER TO PLAINTIFF'S COMPLAINT;
8                       –    DEMURRER TO PLAINTIFF'S COMPLAINT;
                        –    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
9                            THEREOF;
                        –    REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF; and
10                      –    [PROPOSED] ORDER SUSTAINING DEFENDANT SILICON
                             VALLEY ANIMAL CONTROL AUTHORITY'S DEMURRER
11                           AND DISMISSING PLAINTIFF'S COMPLAINT

12 **ADDRESSES:**
   Stuart M. Wilson, Esq.
13 1671 The Alameda, Suite 300
   San Jose, CA 95126
14 Telephone: 408/293-8400
   Facsimile: 408/293-0714
15

16 []      **(BY MAIL)**  I placed a true copy, enclosed in a sealed, postage paid envelope, and deposited
           same for collection and mailing at San Francisco, California, following ordinary business
17         practices, addressed as set forth below.

18 [ ]     **(BY FACSIMILE)**  I caused the said document to be transmitted by Facsimile transmission to
           the number indicated after the addresses noted above or on the attachment herein.
19
20 [x ]    **(BY OVERNIGHT COURIER)**  I caused each such envelope addressed to the parties to be
           deposited in a box or other facility regularly maintained by the overnight courier or driver
           authorized by the overnight courier to receive documents.
21
       I am readily familiar with this law firm's practice for the collection and processing of documents
22 for regular and certified mailing, overnight mail, and facsimile transaction, and said document(s) are
   deposited with the United States Postal Service or overnight courier depository on the same day in the
23 ordinary course of business.

24     I declare under the penalty of perjury under the laws of the State of California that the foregoing
   is true and correct.
25
       Executed at San Francisco, California on August 23, 2007.
26

27

28                                                Kathi de Leon

                                    -1-
                             PROOF OF SERVICE

J:\1042\sf0016\Spos-kde.wpd

1  MARK F. HAZELWOOD, # 136521
   DIRK D. LARSEN, #246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California 94111-2584
   Telephone: (415) 981-6630
4  Facsimile: (415) 982-1634

5  Attorneys for Defendant
   SILICON VALLEY ANIMAL CONTROL AUTHORITY

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      IN AND FOR THE COUNTY OF SANTA CLARA

10

11  LEE JACKSON and KENNETH JACKSON,        )    Case No.: 107CV079050
                                            )
12                    Plaintiffs,           )    DEFENDANT SILICON VALLEY
                                            )    ANIMAL CONTROL
13         v.                               )    AUTHORITY'S NOTICE OF
                                            )    MOTION AND MOTION TO
14  SILICON VALLEY ANIMAL CONTROL           )    STRIKE PORTION OF
    AUTHORITY, CITY OF SANTA CLARA, CITY    )    PLAINTIFFS' COMPLAINT
15  OF CAMPBELL, HUMANE SOCIETY SILICON     )
    VALLEY DOES 1 TO 20,                    )
16                                          )    Date:   September 25, 2007
                                            )    Time:   9:00 a.m.
17                    Defendants.           )    Dept.:  22
                                            )
18  _____ )    Complaint filed: January 29, 2007
                                            )

19         TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20         NOTICE IS HEREBY GIVEN, that on September 25, 2007, at 9:00 a.m., in Department 22 of

21  the above-entitled Court, defendant SILICON VALLEY ANIMAL CONTROL AUTHORITY

22  ("Defendant") will move the Court to strike the following portion of the complaint filed in this action by

23  plaintiffs LEE JACKSON and KENNETH JACKSON ("Plaintiffs"), pursuant to Code of Civil

24  Procedure §§ 435(b)(1), 431.10(b)(3), and 436(a), without leave to amend:

25         1.    Plaintiffs' Exemplary Damages Attachment with respect to Defendant: Wherein

26               Plaintiffs seek to recover exemplary damages from Defendant, alleging that

27               Defendant was guilty of malice, fraud and oppression.  (Complaint at 13.)

28         This motion is made on grounds that the above-described portion of Plaintiff's complaint is an

                                               -1-

1    immaterial allegation. (C.C.P. §§ 435(b)(1), 431.10(b)(3), and 436(a).)  This motion is further based

2    upon this Notice, the Memorandum of Points and Authorities filed herewith, the Request for Judicial

3    Notice and all exhibits attached thereto filed herewith, all papers in support of the City Defendants'

4    demurrer filed concurrently herewith, and upon such oral and/or documentary evidence as may be

5    presented at the hearing on this motion.

6

7        Dated: August __23__, 2007.

8                                              LOW, BALL & LYNCH

9

10                                       By_____

11                                              MARK F. HAZELWOOD
                                               DIRK D. LARSEN
12                                             Attorneys for Defendant
                                               SILICON VALLEY ANIMAL CONTROL
                                               AUTHORITY
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT SILICON VALLEY ANIMAL CONTROL AUTHORITY'S NOTICE OF MOTION AND MOTION TO STRIKE PORTION OF PLAINTIFFS' COMPLAINT
J:\1042\sf0016\Pld\MTS-not.wpd

1  MARK F. HAZELWOOD, # 136521
   DIRK D. LARSEN, #246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California 94111-2584
   Telephone: (415) 981-6630
4  Facsimile: (415) 982-1634

5  Attorneys for Defendant
   SILICON VALLEY ANIMAL CONTROL AUTHORITY
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SANTA CLARA

10

11  LEE JACKSON and KENNETH JACKSON,          )   Case No.: 107CV079050
                                              )
12                Plaintiffs,                 )   DEFENDANT SILICON VALLEY
                                              )   ANIMAL CONTROL
13        v.                                  )   AUTHORITY'S MEMORANDUM
                                              )   OF POINTS AND AUTHORITIES
14  SILICON VALLEY ANIMAL CONTROL             )   IN SUPPORT OF MOTION TO
    AUTHORITY, CITY OF SANTA CLARA, CITY      )   STRIKE PORTION OF
15  OF CAMPBELL, HUMANE SOCIETY SILICON       )   PLAINTIFFS' COMPLAINT
    VALLEY DOES 1 TO 20,                      )
16                                            )
                                              )   Date:   September 25, 2007
17                Defendants.                 )   Time:   9:00 a.m.
                                              )   Dept.:  22
18  _____)
                                                  Complaint filed: January 29, 2007
19  I.    INTRODUCTION AND RELIEF SOUGHT

20        This lawsuit arises out of allegations that defendants unlawfully entered plaintiff Lee Jackson and

21  Kenneth Jackson's ("Plaintiffs") motor home, seized Plaintiffs' pet animals, detained Plaintiffs and

22  battered plaintiff Lee Jackson on December 19, 2005. (Complaint.) As Plaintiffs correctly

23  acknowledge, defendant SILICON VALLEY ANIMAL CONTROL AUTHORITY is a public entity.

24  (Complaint at 2.)

25        Pursuant to Code of Civil Procedure §§ 435(b)(1), 431.10(b)(3), and 436(a), Defendant moves

26  the Court to strike the following portion of Plaintiffs' complaint (the "Complaint") without leave to

27  amend:

28        1.   Plaintiffs' Exemplary Damages Attachment with respect to Defendant: Wherein

-1-
DEFENDANT SILICON VALLEY ANIMAL CONTROL AUTHORITY'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO STRIKE PORTION OF PLAINTIFFS' COMPLAINT

J:\1042\sf0016\Pld\MTS-mpa.wpd

1    Plaintiffs seek to recover exemplary damages from Defendant, alleging that

2    Defendant was guilty of malice, fraud and oppression. (Complaint at 13.)

3    For purposes of this motion to strike, Defendant incorporates by reference in their entirety, the

4    arguments set forth in the memorandum of points and authorities in support of its demurrer, concurrently

5    filed herewith. (*See* Defendant's Memorandum of Points and Authorities In Support of Demurrer, filed

6    concurrently herewith.) "A notice of motion to strike...must be noticed for hearing and heard at the same

7    time as the demurrer." (Rule 3.1322(b) of the Cal. Rules of Court, also see C.C.P. §435(b)(3).)

8    **II.    APPLICABLE LAW AND ARGUMENT**

9        **A.    Legal Grounds for Motion to Strike**.

10       Code of Civil Procedure §435 provides, in pertinent part:

11           (b)(1)   Any party, within the time allowed to respond to a pleading may serve and file a
12                  notice of motion to strike the whole or any part thereof. . .

13       Code of Civil Procedure §431.10 provides, in pertinent part:

14           (b)    An immaterial allegation in a pleading is any of the following:

15                (3)    A demand for judgment requesting relief not supported by the allegations
16                    of the complaint . . .

17       Code of Civil Procedure §436 provides:

18       The court may, upon a motion made pursuant to section 435, or at any time in its discretion, and
19       upon terms it deems proper:

20           (a)    Strike out any irrelevant, false, or improper matter inserted in any pleading.

21       **B.    Plaintiffs' Request for Exemplary Damages is not Supported by the Allegations in
       the Complaint**.
22

23   A motion to strike is the proper method for removing damages claims that are not supported by

24   the cause of action pleaded. (*Cal. Practice Guide: Civ. Proc. Before Trial (The Rutter Group)*, p. 7-65,

25   § 7:182.) Here, as discussed below, neither Plaintiffs' state-law causes of action nor their federal cause

26   of action support the recovery of exemplary damages against Defendant, which Plaintiffs acknowledge is

27   a public entity. (*See* Complaint at 2.)

28   / / /

-2-

DEFENDANT SILICON VALLEY ANIMAL CONTROL AUTHORITY'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO STRIKE PORTION OF PLAINTIFFS' COMPLAINT

J:\1042\sf0016\Pld\MTS-mpa.wpd

1     **1**      <u>The Silicon Valley Animal Control Authority, a Public Entity, is not Liable</u>
              <u>for Exemplary Damages under California Law</u>.

2

3          Government Code § 818 provides, in pertinent part: "[n]otwithstanding any other provision of

4 law, a public entity is not liable for . . . damages imposed primarily for the sake of example and by way

5 of punishing the defendant." According to Government Code § 811.2, a "public entity" includes "the

6 State, the Regents of the University of California, a county, city, district, public authority, public agency,

7 and any other political subdivision or public corporation in the State." As Plaintiff's Complaint appears

8 to acknowledge, Defendant fits this definition of "public entity." (*See* Complaint at 2.) As a public

9 entity, the Silicon Valley Animal Control Authority is thus not liable for punitive or exemplary damages

10 under any of Plaintiff's state-law causes of action against it (first, third, fourth, fifth, sixth and seventh

11 causes of action). Accordingly, Plaintiffs' "Exemplary Damages Attachment" on page 13 of the

12 Complaint should be stricken with respect to the Silicon Valley Animal Control Authority.

13     **2**      <u>Local Governing Bodies Sued Under 42 U.S.C. § 1983 Are Immune from</u>
              <u>Punitive Damages</u>.

14

15          As Plaintiff correctly acknowledges, the Silicon Valley Animal Control Authority is a public

16 entity. (Complaint at 2.) Plaintiffs eighth cause of action for violation of civil rights was brought

17 pursuant to 42 U.S.C. § 1983. (Complaint at 11.) Local governing bodies are immune from punitive

18 damages in suits brought under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271

19 (1981). Accordingly, Defendant is immune from punitive damages for the § 1983 cause of action as a

20 matter of law. The "Exemplary Damages Attachment" on page 13 of the Complaint should thus be

21 stricken with respect to the Silicon Valley Animal Control Authority.

22 **III.**    **CONCLUSION**

23          For the reasons stated above, defendant SILICON VALLEY ANIMAL CONTROL

24 AUTHORITY respectfully requests that the "Exemplary Damages Attachment" to Plaintiff's Complaint

25 be stricken, with respect to defendant SILICON VALLEY ANIMAL CONTROL AUTHORITY, without

26 leave to amend pursuant to Code of Civil Procedure §§ 435(b)(1), 431.10(b)(3), and 436(a).

27 / / /

28 / / /

-3-

DEFENDANT SILICON VALLEY ANIMAL CONTROL AUTHORITY'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO STRIKE PORTION OF PLAINTIFFS' COMPLAINT

J:\1042\sf0016\Pld\MTS-mpa.wpd

1    Dated: August ___, 2007.

2                                          LOW, BALL & LYNCH

3

4                                          By _____
                                           MARK F. HAZELWOOD
5                                          DIRK D. LARSEN
                                           Attorneys for Defendant
6                                          SILICON VALLEY ANIMAL CONTROL
                                           AUTHORITY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT SILICON VALLEY ANIMAL CONTROL AUTHORITY'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO STRIKE PORTION OF PLAINTIFFS' COMPLAINT

J:\1042\sf0016\Pld\MTS-mpa.wpd

1 | MARK F. HAZELWOOD, # 136521
DIRK D. LARSEN, #246028
2 | LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
3 | San Francisco, California 94111-2584
Telephone: (415) 981-6630
4 | Facsimile: (415) 982-1634

5 | Attorneys for Defendant
SILICON VALLEY ANIMAL CONTROL AUTHORITY
6

ENDORSED

2007 AUG 23 P 2: 52

A. Ilas

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SANTA CLARA

10

11 | LEE JACKSON and KENNETH JACKSON,          ) Case No.: 107CV079050
                                             )
12 |                  Plaintiffs,              ) DEFENDANT SILICON VALLEY
                                             ) ANIMAL CONTROL
13 |         v.                                ) AUTHORITY'S REQUEST FOR
                                             ) JUDICIAL NOTICE IN SUPPORT
14 | SILICON VALLEY ANIMAL CONTROL            ) OF MOTION TO STRIKE
    AUTHORITY, CITY OF SANTA CLARA, CITY     ) PORTION OF PLAINTIFFS'
15 | OF CAMPBELL, HUMANE SOCIETY SILICON      ) COMPLAINT
    VALLEY DOES 1 TO 20,                     )
16 |                                           ) 
                                             ) Date:  September 25, 2007
17 |                  Defendants.             ) Time:  9:00 a.m.
                                             ) Dept.: 22
18 |                                           )
    _____) Complaint filed: January 29, 2007
19 |         TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20 |         Pursuant to Evidence Code §§ 452 and 453, and without admitting to the truth any of the

21 | allegations stated therein, defendant SILICON VALLEY ANIMAL CONTROL AUTHORITY

22 | respectfully requests that the Court take judicial notice of the genuineness of plaintiff LEE JACKSON

23 | and KENNETH JACKSON's complaint filed in this action on January 29, 2007. A true and correct

24 | copy of said document is attached hereto as Exhibit "1."

25 |         The court may further take judicial notice of any records of any court of the state. (Evidence

26 | Code § 452(d).) When a party requests that the court take judicial notice of such matters and gives the

27 | adverse party sufficient notice of the request to enable the adverse party to meet the request and

28 | furnishes the court with sufficient information to enable it to take judicial notice of the matter, judicial

-1-

DEFENDANT SILICON VALLEY ANIMAL CONTROL AUTHORITY'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION TO STRIKE PORTION OF PLAINTIFFS' COMPLAINT

J:\1042\sf0016\Pld\MTS-rjn.wpd

1   notice is mandatory. (Evidence Code § 453.)

2

3       Dated: August 23 , 2007.

4                                           LOW, BALL & LYNCH

5

6                                           By_____
                                                MARK F. HAZELWOOD
7                                               DIRK D. LARSEN
                                                Attorneys for Defendant
8                                               SILICON VALLEY ANIMAL CONTROL
                                                AUTHORITY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT SILICON VALLEY ANIMAL CONTROL AUTHORITY'S REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION TO STRIKE PORTION OF PLAINTIFFS' COMPLAINT

J:\1042\sf0016\Pld\MTS-rjn.wpd