1  MARK F. HAZELWOOD, # 136521
   DIRK D. LARSEN, #246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California 94111-2584
   Telephone: (415) 981-6630
4  Facsimile: (415) 982-1634
   Email: mhazelwood@lowball.com
5         dlarsen@lowball.com

6  Attorneys for Defendant
   SILICON VALLEY ANIMAL CONTROL AUTHORITY,
7  AL DAVIS AND ANTJE MORRIS

8

9                    UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

11

12  LEE JACKSON and KENNETH JACKSON,      )  Case No. C07 05667 RS
                                          )
13                  Plaintiffs,           )  DEFENDANTS AL DAVIS AND
                                          )  ANTJE MORRIS'S ANSWER TO
14         v.                             )  PLAINTIFFS LEE JACKSON AND
                                          )  KENNETH JACKSON'S FIRST
15  SILICON VALLEY ANIMAL CONTROL         )  AMENDED COMPLAINT
    AUTHORITY, CITY OF SANTA CLARA, CITY  )
16  OF CAMPBELL, HUMANE SOCIETY SILICON   )
    VALLEY DOES 1 TO 20,                  )
17                                        )
                    Defendants.           )
18  _____  )

19      Come now defendants AL DAVIS and ANTJE MORRIS ("Defendants") and in answer to the

20  first amended complaint ("FAC") on file herein admit, deny, and allege as follows:

21                                    1.

22      In answer to Paragraph 1 of the FAC, this paragraph simply lists the parties to the action and

23  contains no factual allegations that Defendants can admit or deny.

24                                    2.

25      In answer to Paragraph 2 of the FAC, this paragraph simply lists the number of pages contained

26  in the FAC and contains no factual allegations that Defendants can admit or deny.

27                                    3.

28      In answer to the allegations of Paragraph 3 of the FAC, Defendants admit that plaintiffs Lee

-1-

1    Jackson and Kenneth Jackson ("Plaintiffs") are competent adults.

2                                         4.

3            In answer to the allegations of Paragraph 4 of the FAC, these defendants have no information or

4    belief to enable them to answer whether Plaintiffs are doing business under a fictitious name, and for

5    that reason and basing their denial on that ground, deny that allegation.

6                                         5.

7            In answer to the allegations of Paragraph 5 of the FAC, Defendants admit that defendants Al

8    Davis and Antje Morris are natural persons, admit that defendant Silicon Valley Animal Control

9    Authority is a public entity, admit that defendant City of Campbell is a public entity in the form of a city,

10   admit that defendant City of Santa Clara is a public entity in the form of a city.  These Defendants have

11   no information or belief to enable them to answer whether Humane Society Silicon Valley is a business

12   organization, form unknown, and for that reason and basing their denial on that ground, deny that

13   allegation.

14                                        6.

15           In answer to the allegations of Paragraph 6 of the FAC, Defendants have no information or belief

16   to enable them to answer the allegations contained therein, and for that reason and basing their denial on

17   that ground, deny both generally and specifically, each and every, all and singular, the allegations

18   contained therein.

19                                        7.

20           In answer to Paragraph 7 of the FAC, this paragraph does not list any defendants joined under

21   California Code of Civil Procedure section 382, and for that reason, does not contain any factual

22   allegations that Defendants can admit or deny.

23                                        8.

24           In answer to the allegations of Paragraph 8 of the FAC, Defendants admit that the injuries alleged

25   in the FAC are alleged to have occurred within the jurisdictional area of the Superior Court of the State

26   of California, in and for the County of Santa Clara, and further state that the United States District Court

27   for the Northern District of California has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343

28   because the FAC's eighth cause of action arises under 42 U.S.C. § 1983.

9.

In answer to the allegations of Paragraph 9 of the FAC, Defendants have no information or belief to enable them to answer the allegations contained therein, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

10.

In answer to Paragraph 10 of the FAC, this paragraph simply states that certain causes of action are attached to the FAC and thus contains no factual allegations that Defendants can admit or deny.

11.

In answer to the allegations of Paragraph 11 of the FAC, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

12.

In answer to Paragraph 12 of the FAC, this paragraph contains no statement on the part of Plaintiffs and thus does not contain any factual allegations that Defendants can admit or deny.

13.

In answer to the allegations of Paragraph 13 of the FAC, Defendants admit that the relief sought in the FAC is within the jurisdiction of the Superior Court of the State of California and of the United States District Court for the Northern District of California.

14.

In answer to Paragraph 14 of the FAC, this paragraph is a prayer for relief and thus contains no factual allegations that Defendants can admit or deny.

15.

In answer to Paragraph 15 of the FAC, this paragraph contains no statement on the part of Plaintiffs and thus does not contain any factual allegations that Defendants can admit or deny.

16.

In answer to the allegations in the paragraph on page 4 of the FAC, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

///

17.

In answer to the allegations in the paragraph on page 7 of the FAC, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

18.

In answer to the allegations in the paragraph on page 8 of the FAC, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

19.

In answer to the allegations in the paragraph on page 9 of the FAC, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

20.

In answer to the allegations in the paragraph on page 10 of the FAC, Defendants have no information or belief to enable them to answer the allegation that "Plaintiffs were the lawful owners of said pet animals and were entitled to possession of the animals," and for that reason and basing their denial on that ground, deny this allegation.  Defendants deny both generally and specifically, all and singular, the remaining allegations contained in this paragraph.

21.

In answer to the allegations in the paragraph on page 11 of the FAC, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

22.

In answer to the allegations on page 13 of the FAC, Defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

That plaintiffs assumed the risk of any injuries and/or damages resulting from the matters set forth in said complaint, and that said assumption of risk by plaintiffs was a cause of the injuries and/or damages alleged by plaintiffs, if any there were.

## SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

-4-

ALLEGE:

That plaintiffs were themselves negligent and careless in and about the matters and events set forth in the complaint, and that said negligence contributed to their alleged injuries and/or damages. A verdict of the jury in favor of plaintiffs, if any, which may be rendered in this case must therefore be reduced by the percentage that plaintiffs' negligence contributed to the accident and injuries complained of, if any there were.

## THIRD AFFIRMATIVE DEFENSE

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

That the FAC does not state facts sufficient to constitute a cause of action against these answering defendants.

## FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiffs' causes of action are barred by reason of the provisions of California Code of Civil Procedure sections 335.1, 337, 337.1, 338, 339, 340, and 343.

## FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiffs failed to mitigate their damages.

## SIXTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiffs were guilty of willful misconduct and wanton and reckless behavior in and about the matters and events set forth in said complaint; and that said willful misconduct and wanton and reckless behavior contributed to the injuries and damages alleged, if any there were.

## SEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Prior to the time when Defendants were alleged to have committed the acts complained of, Plaintiffs invited, gave permission to, and consented to the acts alleged in the complaint. Each of the

1  acts alleged in the complaint, which acts are expressly denied, was done within the scope of this consent

2  and permission.

### EIGHTH AFFIRMATIVE DEFENSE

4      AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

5  ALLEGE:

6      Any and all acts or omissions of these defendants, their agents and employees, which allegedly

7  caused the injury at the time and place set forth were the result of an exercise of discretion vested in

8  them. Defendants is thus immune from liability.

### NINTH AFFIRMATIVE DEFENSE

10      AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

11      That plaintiffs failed to set forth the facts sufficient to state a cause of action due to a failure to

12  comply with claims requirements of the California Government Code §§ 900 et. seq.

### TENTH AFFIRMATIVE DEFENSE

14      AS AND FOR AN TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

15  ALLEGE:

16      The acts of these answering defendants were lawful and proper and in all respects were

17  reasonable and legal.

### ELEVENTH AFFIRMATIVE DEFENSE

19      AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

20  ALLEGE:

21      These answering defendants acted in good faith and with a reasonable belief that the actions were

22  lawful and further did not directly or indirectly perform any acts whatsoever which would constitute a

23  breach of any duty owed to Plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

25      AS AND FOR A TWELFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

26  ALLEGE:

27      These answering defendants are immune from liability pursuant to the provisions of §§ 815,

28  815.2, 818, 820.2, 820.4, 820.6, 820.8, 820.9, 821.6, 844.6, and 845.6 of the Government Code of the

1   State of California.

2   <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

3       AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

4   ALLEGE:

5       These answering defendants did not violate any of Plaintiffs' clearly established federal rights of

6   which a reasonable person would have known.  Defendants are thus entitled to qualified immunity from

7   suit and liability under Plaintiffs' eighth cause of action.

8   <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

9       AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

10   ALLEGE:

11       Any and all acts and omissions of these defendants, which allegedly caused the injuries of which

12   plaintiffs complains, which acts and injuries defendants expressly deny, were performed beyond the

13   scope of an employment, agency or other relationship between these defendants and any other person.

14   <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

15       AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

16   ALLEGE:

17       The allegations of the FAC are barred by the equitable doctrines of latches, waiver, estoppel and

18   unclean hands.

19   <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

20       AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

21   ALLEGE:

22       Each of the other parties was negligent or legally responsible or otherwise at fault for the

23   damages alleged in the Plaintiffs' FAC.  These answering defendants, therefore, request that, in the event

24   of a finding of any liability in favor of Plaintiffs, or settlement or judgment against these answering

25   defendants, an apportionment of fault be made among all parties as permitted by *Li v. Yellow Cab*

26   *Company* and *American Motorcycle Association v. Superior Court* by the court or jury.  These

27   answering defendants further request a judgment and declaration of partial indemnification and

28   contribution against all other parties or persons in accordance with the apportionment of fault.

1    <u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

2    AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

3    ALLEGE:

4    Plaintiffs' FAC, and each cause of action therein, is barred by the doctrines of collateral estoppel

5    and res judicata.

6    <u>EIGHTEENTH AFFIRMATIVE DEFENSE</u>

7    AS AND FOR A EIGHTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

8    ALLEGE:

9    Plaintiffs lack standing to bring this action.

10    <u>NINETEENTH AFFIRMATIVE DEFENSE</u>

11    AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS

12    ALLEGE:

13    Plaintiffs have failed to set out their claims with sufficient particularity to permit these answering

14    defendants to raise all appropriate defenses.  These answering defendants accordingly reserve the right to

15    add additional defenses as the factual bases for plaintiffs' claims become known.

16    **JURY DEMAND**

17    Defendants hereby demand a jury trial in this action.

18

19    WHEREFORE, defendants pray that plaintiffs take nothing by way of the complaint on file

20    herein and that defendants have judgment for their costs, attorneys' fees and for such other and further

21    relief as the court deems proper.

22

23    Dated:  November  14, 2007.

24    LOW, BALL & LYNCH

25

26    By

27    MARK F. HAZELWOOD
      DIRK D. LARSEN
      Attorneys for Defendant

28    SILICON VALLEY ANIMAL CONTROL
      AUTHORITY, AL DAVIS AND ANTJE MORRIS

-8-

DEFENDANTS AL DAVIS AND ANTJE MORRIS'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

J:\1042\sf0016\Pld\P-Ans-1stAm(Davis-Morris).wpd

Case No. C07 05667 RS

1 | Jackson v. Silicon Valley Animal Control Authority, et al.
2 | United States District Court - Northern District Case No.: C 07-05667 RS

3

CERTIFICATE OF SERVICE

4    I am over the age of eighteen (18) years and not a party to the within action. I am employed at

5 Low, Ball & Lynch, 505 Montgomery Street, 7th Floor, San Francisco, California 94111.

6    On the date indicated below, I served the following document(s) enclosed in a sealed envelope on

7 the listed addresses:

8 | **DOCUMENT(S):**    DEFENDANTS AL DAVIS AND ANTJE MORRIS'S ANSWER
TO PLAINTIFF'S LEE JACKSON AND KENNETH JACKSON'S
9 | FIRST AMENDED COMPLAINT

10 | **ADDRESSES:**    SEE ATTACHED SERVICE LIST

11 [X]    **(BY MAIL)** I placed a true copy, enclosed in a sealed, postage paid envelope, and deposited
same for collection and mailing at San Francisco, California, following ordinary business
12    practices, addressed as set forth below.

13 [ ]    **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand to the
addressees noted above or on the attachment herein by _____ Legal Services.
14

15 [ ]    **(BY FACSIMILE)** I caused the said document to be transmitted by Facsimile transmission to
the number indicated after the addresses noted above or on the attachment herein.

16 [ ]    **(BY OVERNIGHT COURIER)** I caused each such envelope addressed to the parties to be
deposited in a box or other facility regularly maintained by the overnight courier or driver
17    authorized by the overnight courier to receive documents.

18    I am readily familiar with this law firm's practice for the collection and processing of documents

19 for regular and certified mailing, overnight mail, and facsimile transaction, and said document(s) are

20 deposited with the United States Postal Service or overnight courier depository on the same day in the

21 ordinary course of business.

22    I declare under penalty of perjury under the laws of the State of California that the foregoing is

23 true and correct.

24    Executed at San Francisco, California on November 14, 2007.

25

26

27    Kathi de Leon

28

-1-
CERTIFICATE OF SERVICE

1

## SERVICE LIST

2

3   Stuart M. Wilson, Esq.
    1671 The Alameda, Suite 300
    San Jose, CA 95126
4   Telephone: 408/293-8400
    Facsimile: 408/293-0714
5   **Attys. for Plaintiffs**

    Michael C. Serverian, Esq.
    Rankin Law Firm
    96 North Third Street, Suite 500
    San Jose, CA 95112-5572
    Telephone: 408/293-0463
    Facsimile: 408/293-9514
    **Attys. for City of Santa Clara**

6

7   Joseph Costella, Esq.
    Joseph Costella & Associates
    P.O. Box 8090
8   Walnut Creek, CA 94596
    215 Lennon Lane, Suite 200
9   Walnut Creek, CA 94598
    Telephone: 925/945-4491
10  Facsimile: 925/945-4454
    **Attys. for Humane Society Silicon Valley**

    William R. Seligmann, Esq.
    William R. Seligmann Law Offices
    33 Church Street, Suite A
    Santa Cruz, CA 95060
    Telephone: 831/423-8383
    Facsimile: 831/438-0104
    **Attys. for City of Campbell**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

J:\1042\sf0016\$Pos-kde.wpd

C07-05667