1  MARK F. HAZELWOOD, # 136521
   DIRK D. LARSEN, #246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California 94111-2584
   Telephone: (415) 981-6630
4  Facsimile: (415) 982-1634
   Email: mhazelwood@lowball.com
5         dlarsen@lowball.com

6  Attorneys for Defendant
   SILICON VALLEY ANIMAL CONTROL AUTHORITY,
7  AL DAVIS AND ANTJE MORRIS

8

9

10                    UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

12

13  LEE JACKSON and KENNETH JACKSON,        )    Case No. C07 05667 RS
                                            )
14                      Plaintiffs,         )    JOINT CASE MANAGEMENT
                                            )    STATEMENT AND PROPOSED
15      v.                                  )    ORDER
                                            )
16  SILICON VALLEY ANIMAL CONTROL           )    Date:       February 27, 2008
    AUTHORITY, CITY OF SANTA CLARA, CITY    )    Time:       2:30 p.m.
17  OF CAMPBELL, HUMANE SOCIETY SILICON     )    Courtroom:  4
    VALLEY DOES 1 TO 20,                    )
18                                          )    Judge:      Hon. Richard
                        Defendants.         )                Seeborg
19  _____)

20          Pursuant to the Order Setting Initial Case Management Conference and ADR Deadlines

21  filed by the court on November 7, 2007, Standing Order for all Judges in the Northern District of

22  California – Contents of Joint Case Management Statement, and Rule 16.9, subdivision (a), of the Local

23  Rules of Practice and Civil Proceedings before the United States District Court for the Northern District

24  of California (Civil L.R. 16.9(a)), the parties submit this joint case management statement:

25  I.    **JURISDICTION AND SERVICE**

26        A.    **Subject Matter Jurisdiction over Plaintiff's Claims**.

27        This court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) in that

28  plaintiffs' eighth cause of action arises under 42 U.S.C. §1983 . The complaint contains eight additional

-1-
JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

1  claims, all arising under the laws of the State of California and/or the U.S. Constitution. These claims

2  are related to the federal claim arising under 42 U.S.C. §1983.

3  **B.    Subject Matter Jurisdiction over Defendants' Counter-Claims.**

4  Defendants have not filed counter-claims.

5  **C.    Issues Involving Personal Jurisdiction and Venue.**

6  There are no issues involving personal jurisdiction or venue.

7  **D.    Status of Service.**

8  Plaintiffs have served each of the defendants and each has appeared by way of answer.

9  **II.    FACTS**

10  This case arises out of the seizure of pet animals from a motor home in the City of Santa

11  Clara on December 19, 2005.

12  On that date, at approximately 2:00 p.m., defendant Antje Morris, an officer with defendant

13  Silicon Valley Animal Control Authority, responded to a call for a humane investigation in a motor

14  home at the Mervyn's parking lot in Santa Clara. Officer Morris located plaintiffs' motor home in the

15  subject Mervyn's parking lot. Plaintiff Lee Jackson allowed Officer Morris into the motor home to

16  inspect the animals.

17  Upon entering, Officer Morris observed that there were a total of 15 adult cats and 6 adult dogs.

18  Officer Morris determined that many of the animals were in poor condition and living in overcrowded

19  circumstances, in violation of California Penal Code § 597(b) and City of Santa Clara Ordinances

20  6.30.020, 6.30.030 and 6.30.040. Officer Morris then contacted defendant Officer Al Davis, also with

21  the Silicon Valley Animal Control Authority, who arrived within 15-20 minutes. City of Santa Clara

22  police were also contacted. They arrived around the same time as Officer Davis. Officer Morris

23  believes that there were approximately three Santa Clara police officers who arrived at the scene.

24  Officer Morris took photographs of the scene. Based upon the conditions, all animals were taken

25  away in Silicon Valley Animal Control vehicles, and taken to the Humane Society Silicon Valley.

26  Before the officers left the scene, plaintiffs were given a Notice of Seizure of Animals. Plaintiffs

27  requested an impoundment hearing. The hearing was held on December 22, 2005. Russ Patterson, a

28  Captain with the City of Campbell Police Department, was the hearing officer. Captain Patterson

-2-

J:\1042\sf0016\Pld\Joint-CMC.wpd

Case No. C07 05667 RS

1    determined that the impoundment of the dogs and cats was proper and justified.

2          On that same date, Officer Morris wrote to plaintiffs, advising them that they could have one of

3    their dogs returned if they met certain conditions. On January 5, 2006, a meeting was held with the

4    plaintiffs. Plaintiffs claimed that they had cleaned up their vehicle. Daniel Soszynski, Executive

5    Director of Silicon Valley Animal Control Authority, inspected the motor home and found that it was

6    still in very poor condition. No dog was therefore released. Plaintiffs' animals were formally turned

7    over to defendant Humane Society Silicon Valley on January 5, 2006. More than one animal needed to

8    be put to sleep. Other dogs and cats were put up for adoption.

9    **A.    Principal Factual Issues in Dispute**.

10          1.    Whether and to what extent any defendant or their officer(s) applied force to any

11    plaintiff;

12          2.    The nature and extent of the injuries allegedly sustained by plaintiffs.

13    **III.    LEGAL ISSUES**

14          The principal legal issues in dispute are:

15          1.    Whether plaintiffs consented to defendant officers' entry into plaintiffs' motor

16    home;

17          2.    To the extent that any defendant or their officers applied force to any plaintiff,

18    whether such force was excessive in violation of the Fourth Amendment to the U.S. Constitution;

19          3.    Whether defendants seized plaintiffs' animals without lawful justification;

20          4.    Whether any defendant or their officers assaulted and battered plaintiff Lee

21    Jackson, under California tort law or in violation of California Penal Code §§ 241 and 242;

22          5.    Whether the post-seizure hearing of December 19, 2005, constituted a denial of

23    plaintiffs' Due Process rights, presumably under the Fourteenth Amendment to the U.S. Constitution;

24          6.    Whether defendants Silicon Valley Animal Control Authority and City of Santa

25    Clara were negligent in their hiring, training and supervision of employees;

26          7.    Whether defendants negligently inflicted emotional distress upon plaintiffs;

27          8.    Whether defendants intentionally inflicted emotional distress upon plaintiffs;

28          9.    Whether defendants' seizure of plaintiffs' animals constituted conversion under

J:\1042\sf0016\Pld\Joint-CMC.wpd                                                                Case No. C07 05667 RS

1  California tort law or was in violation of California Penal Code § 597.1(g);

2           10.    Whether defendants' conduct constituted a deprivation of plaintiffs' rights to be

3  free of unreasonable search and seizure under the Fourth and Fourteenth Amendments to the U.S.

4  Constitution;

5           11.    Whether the conduct of defendants Davis and Morris warrants an award of

6  punitive damages.

7  **IV.    MOTIONS**

8       Defendant Silicon Valley Animal Control Authority filed a demurrer to plaintiffs' initial

9  complaint before the matter was removed to this court.  Defendants anticipate filing motions for

10  summary judgment and/or partial summary judgment based on plaintiffs' first amended complaint,

11  currently the operative complaint.

12  **V.    AMENDMENT OF PLEADINGS**

13       The parties do not anticipate amending the pleadings.  The parties nonetheless propose a deadline

14  for amendments of July 31, 2008.

15  **VI.    EVIDENCE PRESERVATION**

16       The parties remain in possession of the documentary and other evidence arising from this

17  incident.

18  **VII.    DISCLOSURES**

19       Pursuant to the court's November 7, 2007 order, the parties will make the disclosures required

20  under F.R.C.P. 26 on or before February 27, 2008.

21  **VIII.    DISCOVERY**

22       Prior to the removal of this action to this court, the parties engaged in written discovery and

23  document production.  Following the F.R.C.P. 26 disclosures, the parties anticipate conducting

24  discovery limited to the following scope:

25       1.    Five depositions per party;

26       2.    50 interrogatories per party;

27       3.    50 inspection demands per party;

28       4.    50 requests for admission per party.

-4-

J:\1042\sf0016\Pld\Joint-CMC.wpd

Case No. C07 05667 RS

1  **IX.    CLASS ACTIONS**

2        This is not a class action.

3  **X.     RELATED CASES**

4        The parties are unaware of any related cases.

5  **XI.    RELIEF**

6        Plaintiffs claim compensatory damages from all defendants in the form of loss of use of property,

7  hospital and medical expenses, general damage, property damage, and other damage not known at this

8  time. They also claim punitive damages against defendants Davis and Morris in an amount unspecified

9  at this time.

10  **XII.   SETTLEMENT AND ADR**

11        There have been no settlement discussions to date. The parties have agreed to participate in

12  court-sponsored Early Neutral Evaluation.

13  **XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

14        The parties consent to have a Magistrate Judge conduct all further proceedings.

15  **XIV.   OTHER REFERENCES**

16        The case is not suitable for reference to binding arbitration, a Special Master or the Judicial Panel

17  on Multi-District Litigation.

18  **XV.    NARROWING OF ISSUES**

19        The parties are unaware of any issues that can be narrowed by agreement at this time. The

20  parties anticipate that certain issues will be narrowed following the court's rulings on the anticipated

21  motions for summary judgment.

22  **XVI.   EXPEDITED SCHEDULE**

23        The parties do not believe that this case is the type of case that can be handled on an expedited

24  basis with streamlined procedures.

25  **XVII.  SCHEDULING**

26        The parties propose the following scheduling deadlines:

27        1.    Discovery Cut-Off (non-expert)          :    June 25, 2008

28        2.    Designation of Experts                  :    July 8, 2008

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

J:\1042\sf0016\Pld\Joint-CMC.wpd

Case No. C07 05667 RS

3.    Discovery Cut-Off (expert)            :        August 20, 2008

4.    Last Date for Dispositive Motion Hearing    :        September 3, 2008

XVIII.    **TRIAL**

This case will be tried to a jury. The estimated length of trial is 4-6 days.

XIX.    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendants City of Campbell, City of Santa Clara and Silicon Valley Animal Control Authority are governmental entities exempt from the Civil L.R. 3-16's requirement of disclosure of non-party interested entities or persons. Defendants Davis and Morris have filed a Certification of Interested Entities or Persons stating that there is no such interest to report. Defendant Humane Society Silicon Valley has filed a Certification of Interested Entities or Persons stating that there is no such interest to report.

XX.    **OTHER MATTERS**

The parties are not aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.


Dated: February 20, 2008

LOW, BALL & LYNCH

By_____
MARK F. HAZELWOOD
DIRK D. LARSEN
Attorneys for Defendants
SILICON VALLEY ANIMAL CONTROL
AUTHORITY, AL DAVIS AND ANTJE MORRIS


Dated: February _____, 2008.


RANKIN, LANDSNESS, LAHDE,
SERVERIAN & STOCK


By_____
MICHAEL C. SERVERIAN
Attorneys for Defendant
CITY OF SANTA CLARA

-6-

XIX.    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendants are governmental entities exempt from the Civil L.R. 3-16's requirement of disclosure of non-party interested entities or persons.

XX.    **OTHER MATTERS**

The parties are not aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: February _____, 2008.

LOW, BALL & LYNCH

By_____
MARK F. HAZELWOOD
DIRK D. LARSEN
Attorneys for Defendants
SILICON VALLEY ANIMAL CONTROL
AUTHORITY, AL DAVIS AND ANTJE MORRIS

Dated: February 14th, 2008.

RANKIN, LANDSNESS, LAHDE,
SERVERIAN & STOCK

By_____
MICHAEL C. SERVERIAN
Attorneys for Defendant
CITY OF SANTA CLARA

Dated: February _____, 2008.

JOSEPH COSTELLA & ASSOCIATES

By_____
HARRY C. GILBERT
Attorneys for Defendant
HUMANE SOCIETY SILICON VALLEY

///

-6-

J:\1042\sf0016\Pld\Joint-CMC.wpd                                                                Case No. C07 05667 RS

1    Dated: February 20, 2008.

2                                                JOSEPH COSTELLA & ASSOCIATES

3

4                                                By
                                                 HARRY C. GILBERT
5                                                Attorneys for Defendant
                                                 HUMANE SOCIETY SILICON VALLEY
6

7    Dated: February _____, 2008.

8                                                LAW OFFICES OF WILLIAM R. SELIGMANN

9

10                                               By
                                                 WILLIAM R. SELIGMANN
11                                               Attorneys for Defendant
                                                 CITY OF CAMPBELL
12

13   Dated: February _____, 2008.

14

15

16                                               STUART M WILSON
                                                 Attorney for Plaintiffs
17                                               LEE JACKSON AND KENNETH JACKSON

18

19

20

21

22

23

24

25

26

27

28

** TOTAL PAGE.02 **

1 | Dated: February _15_, 2008.

2 |                                 LAW OFFICES OF WILLIAM R. SELIGMANN

3

4 |                                  By_____

5 |                                    WILLIAM R. SELIGMANN
                                 Attorneys for Defendant
                                 CITY OF CAMPBELL

6

7 | Dated: February _____, 2008.

8

9

10 |                                  STUART M. WILSON
                                 Attorney for Plaintiffs

11 |                                  LEE JACKSON AND KENNETH JACKSON

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER

J:\1042\sf0016\Pld\Joint-CMC.wpd                                                      Case No. C07 05667 RS