1  MARK F. HAZELWOOD, # 136521
   DIRK D. LARSEN, # 246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California 94111-2584
   Telephone: (415) 981-6630
4  Facsimile: (415) 982-1634
   Email: mhazelwood@lowball.com
5          dlarsen@lowball.com

6  Attorneys for Defendants
   SILICON VALLEY ANIMAL CONTROL
7  AUTHORITY, AL DAVIS, ANTJE MORRIS
   AND CITY OF CAMPBELL

8

9                  UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

11

12  LEE JACKSON and KENNETH JACKSON,          ) Case No. C07 05667 RS
                                              )
13                  Plaintiffs,               ) DECLARATION OF RUSSELL
                                              ) PATTERSON IN SUPPORT OF
14      v.                                    ) DEFENDANTS SILICON
                                              ) VALLEY ANIMAL CONTROL
15  SILICON VALLEY ANIMAL CONTROL             ) AUTHORITY, AL DAVIS, ANTJE
    AUTHORITY, CITY OF SANTA CLARA, CITY      ) MORRIS AND CITY OF
16  OF CAMPBELL, HUMANE SOCIETY SILICON       ) CAMPBELL'S MOTION FOR
    VALLEY DOES 1 TO 20,                      ) SUMMARY JUDGMENT, OR IN
17                                            ) THE ALTERNATIVE, PARTIAL
                    Defendants.               ) SUMMARY JUDGMENT
18  _____)
                                              Date:        September 3, 2008
19                                            Time:        9:30 a.m.
                                              Courtroom:   4, 5th Floor
20                                            Judge:       Hon. Richard
                                                           Seeborg
21

22      I, RUSSELL PATTERSON, declare as follows:

23      1.      I have personal knowledge of the following facts, and could and would testify

24  competently thereto if called upon to do so.

25      2.      As of December 22, 2005, I was employed as a Captain with the City of Campbell Police

26  Department. I am currently retired from active duty. I had held the position as Captain with the

27  Campbell Police Department since April 1997. Prior to that, I was employed as a Sergeant with the

28  Campbell Police Department. My education and training with respect to post-seizure hearings consists

-1-

1   of animal abuse training in the police academy, and reviewing police investigations of animal related

2   crimes as both a Detective Sergeant and a Patrol Sergeant. I have presided at over approximately

3   eighteen hearings challenging a prior seizure of property, of which six involved a seizure of pet animals.

4   I am familiar with due-process requirements for the conduct of such hearings, including notice and

5   opportunity to be heard.

6       3.      On December 22, 2005, at 9:00 a.m., I presided over a hearing conducted by the Silicon

7   Valley Animal Control Authority ("SVACA") to determine the lawfulness of the December 19, 2005

8   seizure of 15 cats and 6 dogs from the motor home of plaintiffs Lee Jackson and Kenneth Jackson

9   ("Plaintiffs") in Santa Clara, California. I presided over the hearing in a capacity as *pro tempore*

10  SVACA hearing officer, not in my capacity as a Captain in the Campbell Police Department.

11      4.      At the December 22, 2005 hearing, I reviewed the report and photographs prepared by

12  SVACA Officer Antje Morris, as well as the Notice of Seizure. Plaintiffs were present at the hearing

13  and were given the opportunity to present their position.

14      5.      At hearing, I determined that SVACA's seizure and impoundment of the animals were

15  proper and justified. I made the following findings in support of this determination:

16      a.      At the time of the seizure, on December 19, 2005, plaintiffs were living in a motor home

17              with six adult dogs and fifteen adult cats;

18      b.      The inside of the motor home was cluttered and had an overwhelming stench of urine;

19              and there were numerous flies present;

20      c.      One of dogs, a white Maltese, was hemorrhaging, and had severe dental problems and

21              overgrown nails;

22      d.      Another dog, a Shih Tzu, had suffered a broken jaw approximately one year earlier. This

23              dog was also blind, underweight, had severe dental problems, and problems with his nails

24              and ears;

25      e.      A Labrador mix was underweight with overgrown nails;

26      f.      A male Lhasa Apso had overgrown nails and a matted coat;

27      g.      A female Lhasa Apso was underweight, had a matted coat, and overgrown nails;

28      h.      A Papillon mix was underweight and had overgrown nails;

-2-
DECLARATION OF RUSSELL PATTERSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
J:\1042\sf0016\Pld\MSJ-Patterson.Dec.wpd
Case No. C07 05667 RS

i.  Twelve cats were divided into two cat condos at six cats per condo at the far end of the motor home. Two feral cats shared another cat condo; and one remaining cat was confined to a small crate;

j.  Litter boxes contained large amounts of fecal matter;

k.  The water bowls inside the cat condos were either empty or barely filled with water;

l.  The cats appeared to have health problems, including shriveled ears and missing fur;

m.  Some of the cats displayed signs of upper respiratory infection, including sneezing and discharge from the eyes and nose.

6.  Based on the findings described in the previous paragraph, I concluded that (1) there was a reasonable basis to believe the animals to be infected with disease transmittable to humans and to be potentially dangerous so as to be a threat to public health, safety or property; (2) there was a reasonable basis to believe that such seizure and impoundment was necessary to protect the public health or safety; (3) the animals were being cruelly treated; and (4) the officer had reasonable grounds to believe that very prompt action was required to protect the health or safety of the animals or others. A true and correct copy of the record of my findings at the December 22, 2005 hearing is attached hereto as Exhibit A and incorporated by this reference.

7.  Following the hearing of December 22, 2005, I sent Plaintiffs a letter informing them of my decision with respect to the seizure of their animals. A true and correct copy of this letter is attached hereto as Exhibit B and incorporated by this reference.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my own personal knowledge.

Executed this 29th day of July, 2008, in Scotts Valley, California.


RUSSELL PATTERSON

# EXHIBIT A

## Findings in Support of Decision Affirming Seizure and Impoundment

On December 22, 2005, I, acting as a hearing officer for the Silicon Valley Animal Control Authority, conducted the post-seizure hearing on the seizure of cats and dogs from Lee and Kenneth Jackson. The hearing was conducted at the Offices of the Silicon Valley Animal Control Authority at 2324 Walsh Avenue, Santa Clara, California 95051. I reviewed the report and photographs prepared by Silicon Valley Animal Control Officer Antje Morris, and the Notice of Seizure. Lee and Kenneth Jackson were both present, and were given an opportunity to present their position.

Based on the substantial evidence presented, I find:

1. At the time of the seizure, on December 19, 2005, the Jacksons were living in motor home with six (6) adult dogs and fifteen (15) adult cats;

2. The motor home was parked in the parking lot of the Mervyns department store at the intersection of El Camino Real and Scott Boulevard in Santa Clara;

3. The inside of the motor home was cluttered and had an overwhelming stench of urine; and there were numerous flies present;

4. One of dogs, a white Maltese was hemorrhaging, and severe dental problems and overgrown nails;

5. Another dog, a Shih Tzu, had suffered a broken jaw when he had hit his head on a table while the Jacksons were driving approximately one year earlier. The dog was also blind, underweight, had severe dental problems, and problems with his nails and ears;

6. A Labrador mix was underweight with overgrown nails;

7. A male Lhasa Apso had overgrown nails and matted coat;

8. A female Lhasa Apso was underweight, had a matted coat, and overgrown nails;

9. A Papillon mix was underweight and had overgrown nails;

10. The dogs were tied up on leases inside the motor home so as to have only about one foot (1') of movement;

11. Twelve (12) cats were divided into two (2) cat condos at six (6) cats per condo at the far end of the motor home. Two (2) feral cats shared another cat condo; and one (1) remaining cat was confined to a small crate;

12. Litter boxes contained large amounts of fecal matter;

13. The water bowls inside the cat condos were either empty or barely filled with water;

1



14. The cats appeared t   .ave health problems, including shrive.   ears and missing fur;

15. Some of the cats displayed signs of upper respiratory infection, including sneezing and discharge from the eyes and nose.

Based on the foregoing findings of fact, I further find and conclude:

1. There was a reasonable basis to believe the animals to be infected with disease transmittable to humans and to be potentially dangerous so as to be a threat to public health, safety or property;

2. There is a reasonable basis to believe that such seizure and impoundment was necessary to protect the public health or safety;

3. The animals were being cruelly treated;

4. The officer had reasonable grounds to believe that very prompt action was required to protect the health or safety of the animals or others.

Russ Patterson, SVACA Hearing Officer

# EXHIBIT B



# CITY OF CAMPBELL
### Police Department

December 22, 2005

Mr. and Mrs. Kenneth Jackson
P.O. Box 858
Gilroy, CA 95021

Dear Mr. and Mrs. Jackson:

Thank you for taking time to appear at the impoundment hearing held at the Silicon Valley Animal Control Authority offices on Thursday, December 22, 2005. This notice is to advise in writing of the decision that I made at this morning's hearing.

As I mentioned, I determined that the impoundment of your dogs and cats was proper and justified based on the information provided by Officer Morris. Should you have any additional questions, please contact Al Davis, SVACA's Field Services Manager, at (408) 744-0344.

Sincerely,

Russ Patterson
Captain, Campbell Police Department
SVACA Hearing Officer

cc:    Al Davis, SVACA