MARK F. HAZELWOOD, # 136521
DIRK D. LARSEN, #246028
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone: (415) 981-6630
Facsimile: (415) 982-1634
Email: mhazelwood@lowball.com
       dlarsen@lowball.com

Attorneys for Defendant
SILICON VALLEY ANIMAL CONTROL AUTHORITY,
AL DAVIS, ANTJE MORRIS AND CITY OF CAMPBELL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

| | |
|---|---|
| LEE JACKSON and KENNETH JACKSON, | Case No. C07 05667 RS |
| Plaintiffs, | JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER |
| v. | |
| SILICON VALLEY ANIMAL CONTROL AUTHORITY, CITY OF SANTA CLARA, CITY OF CAMPBELL, HUMANE SOCIETY SILICON VALLEY DOES 1 TO 20, | Date:       August 13, 2008<br>Time:       2:30 p.m.<br>Courtroom:  4 |
| Defendants. | Judge:      Hon. Richard Seeborg |

Pursuant to the Court's Order of July 16, 2008, the Standing Order for all Judges in the Northern District of California – Contents of Joint Case Management Statement, and Rule 16.9, subdivision (a), of the Local Rules of Practice and Civil Proceedings before the United States District Court for the Northern District of California (Civil L.R. 16.9(a)), the parties submit this joint case management statement:

I. **JURISDICTION AND SERVICE**

   A. **Subject Matter Jurisdiction over Plaintiff's Claims**.

   This court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question) in that plaintiffs' eighth cause of action arises under 42 U.S.C. §1983. The complaint contains eight additional claims, all arising under the laws of the State of California and/or the U.S. Constitution. These claims

are related to the federal claim arising under 42 U.S.C. §1983.

    **B.**    **Subject Matter Jurisdiction over Defendants' Counter-Claims**.

Defendants have not filed counter-claims.

    **C.**    **Issues Involving Personal Jurisdiction and Venue**.

There are no issues involving personal jurisdiction or venue.

    **D.**    **Status of Service**.

Plaintiffs have served each of the defendants and each has appeared by way of answer.

## II. FACTS

This case arises out of the seizure of pet animals from a motor home in the City of Santa Clara on December 19, 2005.

On that date, at approximately 2:00 p.m., defendant Antje Morris, an officer with defendant Silicon Valley Animal Control Authority, responded to a call for a humane investigation in a motor home at the Mervyn's parking lot in Santa Clara. Officer Morris located plaintiffs' motor home in the subject Mervyn's parking lot. Plaintiff Lee Jackson allowed Officer Morris into the motor home to inspect the animals.

Upon entering, Officer Morris observed that there were a total of 15 adult cats and 6 adult dogs. Officer Morris determined that many of the animals were in poor condition and living in overcrowded circumstances, in violation of California Penal Code § 597(b) and City of Santa Clara Ordinances 6.30.020, 6.30.030 and 6.30.040. Officer Morris then contacted defendant Officer Al Davis, also with the Silicon Valley Animal Control Authority, who arrived within 15-20 minutes. City of Santa Clara police were also contacted. They arrived around the same time as Officer Davis. Officer Morris believes that there were approximately three Santa Clara police officers who arrived at the scene.

Officer Morris took photographs of the scene. Based upon the conditions, all animals were taken away in Silicon Valley Animal Control vehicles, and taken to the Humane Society Silicon Valley. Before the officers left the scene, plaintiffs were given a Notice of Seizure of Animals. Plaintiffs requested an impoundment hearing. The hearing was held on December 22, 2005. Russ Patterson, a Captain with the City of Campbell Police Department, was the hearing officer. Captain Patterson determined that the impoundment of the dogs and cats was proper and justified.

On that same date, Officer Davis wrote to plaintiffs, advising them that they could have one of their dogs returned if they met certain conditions. On January 5, 2006, a meeting was held with the plaintiffs. Plaintiffs claimed that they had cleaned up their vehicle. Daniel Soszynski, Executive Director of Silicon Valley Animal Control Authority, inspected the motor home and found that it was still in very poor condition. No dog was therefore released. Plaintiffs' animals were formally turned over to defendant Humane Society Silicon Valley on January 5, 2006. One dog and five cats were euthanized. Other dogs and cats were put up for adoption.

A.   **Principal Factual Issues in Dispute**.

   1. Whether and to what extent any defendant or their officer(s) applied force to any plaintiff;

   2. The nature and extent of the injuries allegedly sustained by plaintiffs.

III.   **LEGAL ISSUES**

The principal legal issues in dispute are:

   1. Whether plaintiffs consented to the Silicon Valley Animal Control Authority officers' entry into plaintiffs' motor home;

   2. To the extent that any defendant or their officers applied force to any plaintiff, whether such force was excessive in violation of the Fourth Amendment to the U.S. Constitution;

   3. Whether the Silicon Valley Animal Control Authority defendants seized plaintiffs' animals without lawful justification;

   4. Whether any defendant or their officers assaulted and battered plaintiff Lee Jackson, under California tort law or in violation of California Penal Code §§ 241 and 242;

   5. Whether the post-seizure hearing of December 19, 2005, constituted a denial of plaintiffs' Due Process rights, presumably under the Fourteenth Amendment to the U.S. Constitution;

   6. Whether defendants Silicon Valley Animal Control Authority and City of Santa Clara were negligent in their hiring, training and supervision of employees;

   7. Whether defendants Silicon Valley Animal Control Authority, City of Santa Clara, Davis and Morris negligently inflicted emotional distress upon plaintiffs;

   8. Whether defendants Silicon Valley Animal Control Authority, City of Santa

1  Clara, Davis and Morris intentionally inflicted emotional distress upon plaintiffs;

2      9.    Whether defendants Silicon Valley Animal Control Authority, City of Santa Clara, Davis and Morris's seizure of plaintiffs' animals constituted conversion under California tort law or was in violation of California Penal Code § 597.1(g);

    10.    Whether defendants Silicon Valley Animal Control Authority, City of Santa Clara, Davis and Morris's conduct constituted a deprivation of plaintiffs' rights to be free of unreasonable search and seizure under the Fourth and Fourteenth Amendments to the U.S. Constitution;

    11.    Whether defendant Humane Society Silicon Valley converted the seized animals for its own use;

    12.    Whether the conduct of defendants Davis and Morris warrants an award of punitive damages.

## IV. MOTIONS

Defendant Silicon Valley Animal Control Authority filed a demurrer to plaintiffs' initial complaint before the matter was removed to this court. Defendants Silicon Valley Animal Control Authority, Al Davis, Antje Morris, City of Campbell and Humane Society Silicon Valley have filed motions for summary judgment, with the hearing scheduled for September 12, 2008. The City of Santa Clara would like the opportunity to file a summary judgment upon the completion of Lee Jackson's deposition. Her deposition has not been completed and the City's attorney has not had an opportunity to question her about the City's involvement in the event. Until this happens the City cannot assess the possibility of a summary judgment motion.

## V. AMENDMENT OF PLEADINGS

The parties do not anticipate amending the pleadings.

## VI. EVIDENCE PRESERVATION

The parties remain in possession of the documentary and other evidence arising from this incident.

## VII. DISCLOSURES

The parties have made initial disclosures pursuant to F.R.C.P. 26(a)(1).

///

1  VIII. **DISCOVERY**

2      The parties have conducted and continue to conduct written discovery. Defendants have taken
3  the deposition of plaintiff Kenneth Jackson and begun the deposition of plaintiff Lee Jackson. The
4  deposition of Lee Jackson is scheduled to be completed on August 21, 2008. The plaintiffs have noticed
5  the depositions of Al Davis and Antje Morris for August 22, 2008. The parties anticipate that discovery
6  will be limited to the following scope:
7      1.   Five depositions per party;
8      2.   50 interrogatories per party;
9      3.   50 inspection demands per party;
10     4.   50 requests for admission per party.

11 IX. **CLASS ACTIONS**

12     This is not a class action.

13 X. **RELATED CASES**

14     The parties are unaware of any related cases.

15 XI. **RELIEF**

16     Plaintiffs claim compensatory damages from all defendants in the form of loss of use of property,
17 hospital and medical expenses, general damage, property damage, and other damage not known at this
18 time. They also claim punitive damages against defendants Davis and Morris in an amount unspecified
19 at this time.

20 XII. **SETTLEMENT AND ADR**

21     There have been no settlement discussions to date. An Early Neutral Evaluation session
22 scheduled for June 25, 2008, was postponed due to a family emergency on the part of plaintiffs' counsel.
23 The parties have conferred with the court-appointed evaluator and scheduled an Early Neutral Evaluation
24 session for September 29, 2008.

25 XIII. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

26     The parties consent to have a Magistrate Judge conduct all further proceedings.

27 ///
28 ///

### XIV. OTHER REFERENCES

The case is not suitable for reference to binding arbitration, a Special Master or the Judicial Panel on Multi-District Litigation.

### XV. NARROWING OF ISSUES

The parties are unaware of any issues that can be narrowed by agreement at this time. The parties anticipate that certain issues will be narrowed following the court's rulings on the pending motions for summary judgment.

### XVI. EXPEDITED SCHEDULE

The parties do not believe that this case is the type of case that can be handled on an expedited basis with streamlined procedures.

### XVII. SCHEDULING

The parties propose the following scheduling deadlines:

| | | | |
|---|---|---|---|
| 1. | Discovery Cut-Off (non-expert) | : | Date that reasonably permits the parties to conduct discovery based on information obtained through depositions presently noticed |
| 2. | Designation of Experts | : | July 8, 2008 |
| 3. | Discovery Cut-Off (expert) | : | September 20, 2008 |
| 4. | Last Date for Dispositive Motion Hearing | : | September 3, 2008, with later date for any dispositive motion to be filed by defendant City of Santa Clara |

### XVIII. TRIAL

This case will be tried to a jury. The estimated length of trial is 4-6 days. The trial date as currently scheduled is October 27, 2008. The parties wish to discuss the possibility of setting a new trial date due to the unanticipated delays that have arisen in this matter thus far.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants City of Campbell, City of Santa Clara and Silicon Valley Animal Control Authority are governmental entities exempt from the Civil L.R. 3-16's requirement of disclosure of non-party interested entities or persons. Defendants Davis and Morris have filed a Certification of Interested Entities or Persons stating that there is no such interest to report. Defendant Humane Society Silicon

Valley has filed a Certification of Interested Entities or Persons stating that there is no such interest to report.

## XX. OTHER MATTERS

The parties are not aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Dated: August _6_, 2008.

                        LOW, BALL & LYNCH

                        By _[signature]_
                        MARK F. HAZELWOOD
                        DIRK D. LARSEN
                        Attorneys for Defendants
                        SILICON VALLEY ANIMAL CONTROL
                        AUTHORITY, AL DAVIS, ANTJE MORRIS
                        AND CITY OF CAMPBELL

Dated: August _____, 2008.

                        RANKIN, LANDSNESS, LAHDE,
                        SERVERIAN & STOCK

                        By _____
                        MICHAEL C. SERVERIAN
                        Attorneys for Defendant
                        CITY OF SANTA CLARA

Dated: August _____, 2008.

                        JOSEPH COSTELLA & ASSOCIATES

                        By _____
                        HARRY C. GILBERT
                        Attorneys for Defendant
                        HUMANE SOCIETY SILICON VALLEY

1     Dated: August _____, 2008.

                                                  _____
                                                  STUART M. WILSON
                                                  Attorney for Plaintiffs
                                                  LEE JACKSON AND KENNETH JACKSON

7  IT IS SO ORDERED.

8     Dated: _____.

                                                  _____
                                                  HON. RICHARD SEEBORG
                                                  U.S. MAGISTRATE JUDGE

## DECLARATION OF DIRK D. LARSEN

I, DIRK D. LARSEN, declare as follows:

1. I have personal knowledge of the following facts, and could and would testify competently thereto if called upon to do so.

2. I am an attorney at law duly licensed to practice before all courts of the State of California and before the U.S. District Court for the Northern District of California, and am employed as an associate with the law firm of Low, Ball & Lynch, attorneys of record herein for defendants SILICON VALLEY ANIMAL CONTROL AUTHORITY, AL DAVIS, ANTJE MORRIS AND CITY OF CAMPBELL.

3. On August 5, 2008, at approximately 5:00 p.m., I forwarded a proposed draft of the above Joint Case Management by e-mail to Michael C. Serverian, counsel for defendant CITY OF SANTA CLARA, Harry C. Gilbert, counsel for defendant HUMANE SOCIETY SILICON VALLEY, and Stuart M. Wilson, counsel for plaintiffs KENNETH JACKSON and LEE JACKSON, and invited counsel's comment.

4. On the morning of August 6, 2008, I received suggested revisions from Mr. Gilbert and Mr. Serverian, and incorporated such revisions into the above statement.

5. On August 6, 2008, at approximately 12 noon, I called Mr. Wilson and left a voicemail message inquiring as to his receipt of the above proposed Statement, and notifying him that I would shortly be forwarding an updated draft that included the revisions of Messrs. Gilbert and Serverian.

6. On August 6, 2008, at approximately 12:35 p.m., I forwarded the updated draft of the above Statement by e-mail to Messrs. Serverian, Gilbert and Wilson, again inviting their review and comment.

///
///
///
///
///
///

7.    Messrs. Gilbert and Serverian informed me by e-mail that they concurred in the filing of the updated draft. As of 4:55 p.m. on August 6, 2008, I have received neither comment nor concurrence from Mr. Wilson.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my own personal knowledge.

Executed this 6th day of August, 2008, in San Francisco, California.

_____
DIRK D. LARSEN