MARK F. HAZELWOOD, # 136521
DIRK D. LARSEN, # 246028
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone: (415) 981-6630
Facsimile: (415) 982-1634
Email: mhazelwood@lowball.com
dlarsen@lowball.com

Attorneys for Defendants
SILICON VALLEY ANIMAL CONTROL
AUTHORITY, AL DAVIS, ANTJE MORRIS
AND CITY OF CAMPBELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

| | |
|---|---|
| LEE JACKSON and KENNETH JACKSON,<br><br>Plaintiffs,<br><br>v.<br><br>SILICON VALLEY ANIMAL CONTROL AUTHORITY, CITY OF SANTA CLARA, CITY OF CAMPBELL, HUMANE SOCIETY SILICON VALLEY DOES 1 TO 20,<br><br>Defendants. | Case No. C07 05667 RS<br><br>DECLARATION OF MARK F. HAZELWOOD IN RESPONSE TO PLAINTIFFS' DECLARATION IN SUPPORT OF REQUEST FOR DENIAL OR CONTINUANCE OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Date: September 3, 2008<br>Time: 9:30 a.m.<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Richard Seeborg<br><br>Trial date: January 26, 2009 |

I, MARK F. HAZELWOOD, declare as follows:

1. I have personal knowledge of the following facts, and could and would testify competently thereto if called upon to do so.

2. I am an attorney at law duly licensed to practice before all courts of the State of California and the United States District Court for the Northern District of California, and am a shareholder with the law firm of Low, Ball & Lynch, attorneys of record herein for defendants SILICON VALLEY ANIMAL CONTROL AUTHORITY, ALBERT DAVIS, ANTJE MORRIS and CITY OF CAMPBELL ("Defendants").

3. On July 30, 2008, Defendants filed and served a motion for summary judgment in the above-captioned matter. This filing was in compliance with the Court's February 27, 2008 Case Management Scheduling Order setting September 3, 2008, as the last day for a hearing on a pre-trial motion, as well as in compliance with Civil L.R. 7-2(a), which provides that a motion must be filed, served and noticed for a hearing date not less than 35 days after service of the motion.

4. Pursuant to Civil L.R. 7-3(a), plaintiffs KENNETH JACKSON and LEE JACKSON's ("Plaintiffs") opposition, if any, to Defendants motion was to have been served and filed not less than 21 days before the hearing date, or August 13, 2008. Plaintiffs did not file an opposition by August 13, 2008. In addition, Plaintiffs did not file an affidavit or declaration, pursuant to F.R.C.P. 56(f), showing that they could not present facts essential to justify any such opposition by August 13, 2008.

5. On August 13, 2008, I attended a case management conference along with counsel for the other parties, including Plaintiffs. At no time during that case management conference did Plaintiffs' counsel request a continuance of the hearing of Defendants' motion for summary judgment, or set forth the grounds that may have formed the basis for such a request. However, as of August 13, 2008, it was known to the parties that the depositions of SVACA Officers Davis and Morris were scheduled for August 22, 2008.

6. Because Plaintiffs did not file a declaration pursuant to F.R.C.P. 56(f) until August 28, 2008—fifteen days after the date their opposition was due—such declaration is improper and should be disregarded. The declaration should also be disregarded, and the relief it seeks denied, because it does not set forth sufficiently specified reasons detailing why the transcript of the depositions of Officers Davis and Morris are necessary to justify an opposition. It merely states, in paragraph 2, that "the transcripts will show actions by the officers which will assist Plaintiffs in opposing the motions for summary judgment." However, Plaintiffs's counsel was present at the depositions of the SVACA officers. While he may not be expected to rely on memory or notes to support an opposition to a summary-judgment motion, he can certainly provide the Court and the parties with the specific issues on which he believes the officers' testimony will assist Plaintiffs in attempting to raise a genuine issue of material fact for trial.

7. Defendants have done nothing to prevent or otherwise hinder Plaintiffs' access to

evidence relevant to the pending summary-judgment motion. On the contrary, I insisted that the SVACA officer depositions go forward on August 22, 2008, despite Plaintiffs' counsel's request that they be continued to a later date.

8. There is no basis for the Court to deny Defendants' motion for summary judgment as "premature," as suggested by Plaintiffs' counsel. Defendants' motion was made in a timely manner pursuant to the Court's order and the federal and local rules.

9. If the Court should grant Plaintiffs' request for a continuance of the motion, Defendants request that the new date be a date certain as soon as possible after Plaintiffs' receipt of the transcripts of the SVACA officer depositions on, according to their counsel's declaration, September 5, 2008. Plaintiffs' counsel has already had four weeks to research the legal issues raised in Defendants' motion, whereas he would have only had two under the local rules. Defendants thus request that the opposition be due on September 12, 2008, with the reply and hearing dates to be set according to the local rules.

I swear under penalty of perjury that the foregoing is true and correct to the best of my own personal knowledge.

Executed this 2nd day of September, 2008, in San Francisco, California.

_____
MARK F. HAZELWOOD