**\*E-FILED 10/2/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEE JACKSON, et. al<br><br>            Plaintiffs,<br>      v.<br><br>SILICON VALLEY ANIMAL CONTROL AUTHORITY, et al.,<br><br>            Defendants.<br>_____/ | NO. C 07-5667 RS<br><br>**ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANTS SVACA, DAVIS, MORRIS, CITY OF CAMPBELL, AND THE HUMANE SOCIETY** |

### I. INTRODUCTION

Defendants Silicon Valley Animal Control Authority ("SVACA"), SVACA officers Al Davis and Antje Morris, and the City of Campbell (collectively "defendants") move for summary judgment, or in the alternative, for partial summary judgment against plaintiffs Lee and Kenneth Jackson pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant, the Humane Society of Silicon Valley ("Humane Society"), filed a separate motion for summary judgment addressing the one claim against it. Rather than file a substantive opposition at the designated date required by the rules of court, plaintiffs' counsel simply invoked Rule 56(f) in a two page pleading filed shortly before the scheduled hearing. In that submission, plaintiffs' counsel invoked Rule 56(f) premised entirely on the need for transcripts from the depositions of officers Davis and Morris. Nowhere in those two pages did plaintiffs' counsel provide the specific reasons, as the rule requires, to justify delay or even to explain how the deposition transcripts, once completed, would reveal any

1

1  disputed issues of fact warranting denial of summary judgment.

2  Notwithstanding the late and deficient Rule 56(f) request, this Court extended the hearing
3  date and provided plaintiffs' counsel with a renewed opportunity to file a substantive opposition.
4  Neither transcripts nor an opposition, however, were ever submitted.  An additional hearing was
5  held on October 1, 2008, at which plaintiffs' counsel appeared but gave neither any indication that an
6  opposition would ever be filed nor any explanation beyond overwork for the failure to file an
7  opposition or to request an extension of time to do so.  Time has now run out and, for the reasons set
8  forth below, the motions for summary judgment will be granted.[1]

## II.  BACKGROUND

In 2005, the Jacksons lived in a small motor home with twenty-one animals, which included fifteen cats and six dogs.  Larson Decl., Ex. 2 at 10-11, 29-30, Ex. 3 at 10.  The home was usually parked in front of a grocery store where Mr. Jackson worked.  *Id.*, Ex. 2 at 10, Ex. 3 at 11-12.  On December 19, 2005, after work, the Jacksons moved their home to a parking lot in front of a major retail store.  *Id.*, Ex. 2 at 19-20.  On that same day, a concerned citizen reported seeing animals in bad health in a motor home parked in front of that store.  Davis Decl., Ex. A.  SVACA Officer Morris responded to the scene, talked to the Jacksons, and explained the reason for her visit.  Ms. Jackson then brought two dogs out of the home for Morris to inspect.  One dog wore a diaper due to heavy bleeding and the other had a broken jaw.  Larson Decl., Ex. 2 at 35-38.

Based on the condition of these two dogs, Morris entered the home.  *Id.*, Ex. 2 at 38-39.  Upon entering, she smelled urine, and saw large amounts of clutter, empty water bowls, and six dogs tied to various fixtures.  Morris Decl., ¶ 5.  She also observed that the dogs were underweight, had matted hair, and overgrown nails.  *Id.*  At the back of the home she found fifteen cats.  Their fly infested litter boxes were full of fecal matter.  *Id.*  Morris noticed that the cats exhibited typical signs of health problems such as discharge from the eyes and nose, sneezing, and shriveled ears.  *Id.*  Morris then exited the home and called for assistance.

---

[1]  The sole remaining defendant, City of Santa Clara, has not joined either motion for summary judgment nor filed its own motion for summary judgment.  Consequently, this order is not applicable to it.

Shortly thereafter, SVACA Officer Davis arrived as did Santa Clara police officers.  Morris and Davis decided that it was in the animals' best interest to be removed from the home.  *Id.*, ¶ 6.  Hearing what was about to happen, Ms. Jackson attempted to lock the door, but Davis grabbed her arm and "swung" her away from the door.  Larson Decl., Ex. 3 at 45-47.  The Santa Clara police officers pulled Ms. Jackson away from the home and took her to their patrol vehicle.  *Id.*, Ex. 3 at 45-46.  Ms. Jackson claims she experienced soreness in her neck and wrist following the encounter, but did not seek medical treatment.  *Id.*, Ex. 2 at 97.  The SVACA officers then removed the animals, provided the Jacksons with a notice of seizure of animals, and took them to SVACA pursuant to Cal. Penal Code § 597.1.  Davis Decl., ¶ 5.

In order to request a post-seizure hearing to keep the animals, the Jacksons received and completed a declaration of ownership.  *Id.*, ¶ 6.  At the hearing, the SVACA hearing officer, Captain Russ Patterson of the Campbell police department, heard the Jacksons' arguments for the return of their animals.  Patterson Decl., ¶ 3.  Patterson decided that the seizure and impoundment of the animals was justified and proper.  Specifically, Patterson found that: (1) there was a reasonable basis to believe the animals were infected with disease transmittable to humans and were potentially dangerous to the public health, safety, and property; (2) there was a reasonable basis to believe that the seizure and impoundment was necessary to protect the public health and safety; (3) the animals were being cruelly treated; and (4) the officer had reasonable grounds to believe that prompt action was required to protect the health and safety of the animals and others.  *Id.*, ¶¶ 5-6.

After the hearing, Officer Davis gave the Jacksons a letter informing them that they had violated Cal. Penal Code § 597.1 for failing to provide proper care for the animals, and that they were further in violation of Santa Clara's vaccination, licensing, and animal-limit ordinances.  The Jacksons also were instructed that the SVACA, which is a public entity created under the Cal. Gov. Code, would return one dog if the Jacksons paid the required boarding fees and demonstrated to SVACA by January 5, 2006, that they could provide the necessary care.  Davis Decl., ¶ 7; Soszynski Decl., Ex. A.  On that date, SVACA director Dan Soszynski, Davis, and a representative of the Santa Clara district attorney's office inspected the Jacksons' home.  They determined that the home was not cleaned sufficiently and did not demonstrate the ability to provide proper care.  Davis Decl., ¶ 7;

3

1   Sosynski Decl., ¶ 5. Morever, the Jacksons did not pay the required fees pursuant to Cal. Penal
2   Code § 597.1(f)(4). Soszynski Decl., ¶ 5. On January 6, 2006, the animals were formally turned
3   over to the Humane Society. *Id.*, ¶ 6. Most of the animals were sent to rescue groups because they
4   were not suitable for general adoption. One dog and five cats were euthanized.

5         On January 29, 2007, the Jacksons filed a complaint in state court followed by a first
6   amended complaint ("FAC") on September 28, 2007. On November 7, 2007, SVACA removed the
7   litigation to federal court. The FAC advances claims for relief alleging: (1) violation of the Fourth
8   Amendment of the United States Constitution and Art. I, § 13 of the California Constitution (against
9   SVACA, the City of Santa Clara, Davis, and Morris); (2) denial of procedural due process (against
10  City of Campbell); (3) negligent hiring, training, and supervision (against SVACA and the City of
11  Santa Clara); (4) negligent infliction of emotional distress (against SVACA, the City of Santa Clara,
12  Davis, and Morris); (5) assault and battery (against SVACA, the City of Santa Clara, Davis, and
13  Morris); (6) intentional infliction of emotional distress (against SVACA, the City of Santa Clara,
14  Davis, and Morris); (7) conversion (against SVACA, the City of Santa Clara, Davis, Morris, and the
15  Humane Society); and (8) violation of 42 U.S.C. § 1983 for unreasonable search and seizure (against
16  SVACA, the City of Santa Clara, Davis, and Morris).[2]

### III. LEGAL STANDARD

18        Summary judgment is proper "if the pleadings and admissions on file, together with the
19  affidavits, if any, show that there is no genuine issue as to any material fact and that the moving
20  party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary
21  judgment is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*,
22  477 U.S. 317, 323-24 (1986).

23        The moving party "always bears the initial responsibility of informing the district court of the
24  basis for its motion, and identifying those portions of 'the pleadings and admissions on file, together

---

[2] In sum, the Jacksons allege: (1) six claims against SVACA, the City of Santa Clara, Davis, and Morris; (2) one separate claim against SVACA and the City of Santa Clara; (3) one claim against the City of Campbell; and (4) one claim against the Humane Society. In their prayer for relief, the Jacksons seek punitive damages from Morris and Davis, alleging that they were guilty of malice, fraud, and oppression.

4

with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. If it meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of his case with respect to which he bears the burden of proof at trial. *Id*. at 322-23.

The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties. To preclude the entry of summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588 (1986). Here, there is no dispute as to the facts summarized in the preceding section; thus the primary question presented by these motions is whether, on those facts, defendants and the Humane Society are entitled to judgment as a matter of law.[3]

IV. DISCUSSION

A. Failure of State Law Claims Under Cal. Penal Code § 597.1 and State Based Immunity

The first and third through seventh claims for relief are based on California law.[4] Defendants

---

[3] Plaintiffs' failure to abide by the rules of the court with respect to the filing of opposition to summary judgment would warrant the grant of that motion on this record. The Court, however, has undertaken a review of the substantive bases presented to determine if the two pending summary judgment motions should be granted.

[4] The first claim in the Jacksons' FAC contains only the following:

Defendants unlawfully entered Plaintiff's [sic] motorhome, unlawfully seized Plaintiffs' pet animals, unlawfully detained Plaintiffs and assaulted and battered Lee Jackson, causing Plaintiffs severe mental, emotional and physical harm and depriving them of their property, pet animals in violation of their rights under the U.S. Constitution, Amendment 4 and California Constitution, Article 1, Section 13.

The first claim is made pursuant to the Fourth Amendment to the U.S. Constitution and Art. I, § 13 of the California Constitution. To the extent the claim purports to be under the U.S. Constitution, it is actionable only under 42 U.S.C. § 1983 which is addressed below. The remaining state law aspect of the claim is not cognizable for the reasons set forth in this order.

5

1  contend that all of these state law claims fail by virtue of Cal. Penal Code § 597.1 and/or state based
2  immunity for public entities and public employees.

3      1.   Cal. Penal Code § 597.1

4  Defendants argue that pursuant to Cal. Penal Code § 597.1(b), SVACA was required to seize
5  the animals, and it cannot, therefore, be liable to the Jacksons under state law. Section 597.1
6  governs enforcement of animal cruelty laws in California. The statute directs that the failure to
7  provide animals with proper care and attention is a misdemeanor. *Broden v. Marin Humane Soc'y*,
8  70 Cal.App.4th 1212, 1216 (1999). It also provides authority to animal control officers to impound
9  or seize sick, injured, straying, or abandoned animals when the officer has reasonable grounds to
10 believe that prompt action is required to protect their health and safety. *Id*. Properly seized animals
11 receive care and treatment under the statute, for which the owner must provide payment before the
12 animal is returned. *Id*. After seizure or impoundment, the statute provides that the owner is entitled
13 to a post-seizure hearing to determine the validity of those actions, if the animals are subject to
14 return, and if liability for costs is appropriate. *Id*.

15 Section 597.1(b) provides that an animal control officer may take charge of any animal that is
16 being cruelly treated, and provide care and treatment for the animal until suitable for return. Cal.
17 Penal Code § 597.1(b). The section further states that when the officer has reasonable grounds to
18 believe that prompt action is required to protect the health or safety of the animal or others, the
19 officer shall *immediately* seize the animal. *Id*.

20 The California Court of Appeal has compared the "reasonable grounds" standard in Section
21 597.1(b) to the "exigent circumstances" standard of search and seizure law. *Broden*, 70 Cal.App.4th
22 at 1220-21. That is, Section 597.1(b) contemplates that animals receive the same consideration as
23 where police officers make warrantless entries when they have reasonable grounds for believing that
24 the person inside is in need of immediate aid. *Id*. at 1222. This also means that "every case must be
25 explained in light of what was known to the officer at the time of entry." *Id*. at 1220-21.

26 It is undisputed that Morris and Davis complied with Section 597.1 in every aspect.
27 Examining the bleeding dog and the dog with the broken jaw provided Morris with reasonable
28 grounds to enter the Jacksons' home on the belief that the Jacksons may have kept other animals

6

1  without proper care inside. Upon entering, Morris noted the smell of urine, the lack of water, filled
2  litter boxes with flies, and evident health problems afflicting the cats such as sneezing and discharge
3  from their eyes. Such poor conditions inside the home prompted Morris to believe removal was
4  necessary for the animals' well being and safety. Morris then immediately removed the animals
5  from the home.

6  Following the seizure, SVACA held a hearing pursuant to Section 597.1(f). At the post-
7  seizure hearing, the hearing officer concluded that prompt action was required to protect the health
8  and safety of the animals and others, and therefore, that the seizure was reasonable. Following the
9  hearing, SVACA gave the Jacksons fourteen days to pay the costs of the seizure and care of the
10 animals or the animals would be deemed to have been abandoned to be disposed of by the
11 impounding officer pursuant to Section 597.1(f)(4). *Id*. at 1224-25. A December 22, 2005 letter
12 notified the Jacksons that they needed to pay the boarding charges, and when they failed to do so,
13 the animals were deemed abandoned and in SVACA's care. Davis Decl., ¶ 7; Soszynski Decl., ¶ 6.
14 At this point under the statute, they lost all possessory interest in the animals. Such interest was then
15 transferred to the SVACA, which entrusted the animals to the Humane Society. Because it is
16 uncontested that SVACA fully complied with Section 597.1, defendants cannot be held liable under
17 the Jacksons' state law claims.

18     2. <u>State Based Immunity</u>

19 Defendants, except for the Humane Society, maintain that all of the Jacksons' state law claims
20 also fail because of state based immunity for public entities and public employees. The California
21 Government Code provides that "[a] public entity is not liable for an injury, whether such injury
22 arises out of an act or omission of the public entity or a public employee or any other person." Cal.
23 Gov. Code § 815. Section 820.2 adds that "a public employee is not liable for an injury resulting
24 from his act or omission where the act or omission was the result of the exercise of the discretion
25 vested in him, whether or not such discretion be abused." *Id*., § 820.2. This section is also
26 applicable to the public entity employer. *Id*., § 815.2(b). Section 820.2 immunity applies where a
27 statute commits a decision to the discretion of a public employee. *See Pose v. State of Cal.*, 180
28 Cal.App.3d 836, 850 (1986).

7

Here, as described above, Section 597.1 provides for an immediate seizure of animals when an officer has reasonable grounds to believe that such seizure will protect the safety of the animals or others. The section, therefore, commits to the officer the determination of whether such reasonable grounds exist. As explained previously, Morris' contention that she entered the home after determining reasonable grounds existed is undisputed, and thus, her actions fall within the immunity protections of California law. SVACA and the City of Campbell are similarly immune as public entities. Because SVACA, the City of Campbell, and the officers are public entities or public employees entitled to immunity, to the extent they followed the procedures set forth in Section 597.1, they cannot be liable for any state law tort against the Jacksons.

B.  Additional Failures of State Law Claims

Notwithstanding the overriding failure of the state law claims pursuant to Section 597.1 and state based immunity, the state law claims additionally fail for the reasons described below.

1.  Claim Five - Assault and Battery

The Jacksons' fifth claim alleges that Davis' conduct constitutes an assault and battery in violation of Cal. Penal Code §§ 241, 242. In California, an assault is "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal. Penal Code § 240. A battery is defined in California as "any willful and unlawful use of force or violence upon the person of another." *Id.*, § 242. A police officer may use reasonable force to overcome resistance. *Id.*, § 835a. The reasonableness standard is objective, highly deferential to the officer, and viewed from the perspective of a reasonable officer on the scene. *Martinez v. County of Los Angeles*, 47 Cal.App.4th 334, 343 (1996). Plaintiffs must prove unreasonable force. *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1273 (1998).

In the instant case, it is undisputed that the only force applied was when Davis pulled Ms. Jackson away from the motor home's doorway after she tried to shut the door upon learning that her animals were going to be seized. According to Davis' uncontested testimony, Ms. Jackson stood in the doorway in order to prevent the officers from entering. Davis then grabbed her arm and pulled her away from the entryway. It is further undisputed that Davis' use and amount of force was necessary to overcome Ms. Jackson's resistance to the lawful seizure of the animals as described

8

above. It appears from the undisputed facts that Davis applied only enough force to Ms. Jackson to overcome her resistance to the lawful seizure of the animals. While Ms. Jackson's arm might have been sore afterward, her injury did not cause her to seek medical treatment. Accordingly, Davis' use of force was reasonable and the fifth claim is entitled to summary judgment.

### 2. Claim Three - Negligent Hiring, Training, and Supervision

The Jacksons' third claim is for negligent hiring, training, and supervision. In California, "[a]n employer may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit." *Roman Catholic Bishop v. Superior Court*, 42 Cal.App.4th 1556, 1564 (1996). Liability can only exist if the employer knows that the employee was a person who could not be trusted to act properly without supervision. *Federico v. Superior Court (Jenry G.)*, 59 Cal.App.4th 1207, 1216 (1997).

As discussed above, no SVACA employee committed a state law tort against plaintiffs. Even had any of them done so, the Jacksons would have to show that SVACA knew of those employees' propensities to commit such violations in order to maintain a claim against SVACA for negligent hiring, training, or supervision. Based on the undisputed facts, no such showing has been made by the Jacksons. Accordingly, SVACA is entitled to summary judgment on the Jacksons' third claim.

### 3. Claim Seven - Conversion

Under their seventh claim, the Jacksons allege that defendants and the Humane Society converted the dogs and cats that SVACA seized from their motor home. In California, conversion is the "wrongful exercise of dominion over the property of another." *Burlesci v. Petersen*, 68 Cal.App.4th 1062, 1065 (1998). In *Broden*, plaintiff did not pay the required impoundment costs for his seized animals. 70 Cal.App.4th at 1219. He later sued the humane society for the cost of the lost offspring of his animals. *Id*. The court held that under Cal. Penal Code § 597.1(h), plaintiff had abandoned his animals and no longer had any possessory interest in them that could support an award of damages. *Id*. at 1219, 1225. Similarly here, as explained above, to the extent defendants followed Cal. Penal Code § 597.1, the seizure of the animals was lawful because the Jacksons lost all possessory interest in the animals after they failed to pay board and care charges as required by law. Accordingly, summary judgment is merited.

#### 4. Claims Four and Six - Negligent and Intentional Infliction of Emotional Distress

Plaintiffs' fourth and sixth claims are for negligent and intentional infliction of emotional distress respectively. A claim for intentional infliction of emotional distress requires that the Jacksons prove: (1) defendants' outrageous conduct; (2) defendants' intention of causing, or reckless disregard of the probability of causing, emotional distress; (3) their suffering of severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendants' outrageous conduct. *Hernandez v. Gen. Adjustment Bureau*, 199 Cal.App.3d 999, 1007 (1988). A court determines whether defendants' conduct is so extreme and outrageous that recovery is permissible. *Tollefson v. Roman Catholic Bishop*, 219 Cal.App.3d 843, 858 (1990) (disapproved on other grounds).

Negligent infliction of emotional distress is not an independent tort. *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.3d 583, 588 (1989). Instead, emotional distress is a common additional element of damages, which may be given when the claim is otherwise established. *See Long v. PKS, Inc.*, 12 Cal.App.4th 1293, 1298 (1993). A negligence action "requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff." *Ann M. v. Pac. Plaza Shopping Ctr.*, 6 Cal.4th 666, 673 (1993).

Here, based on the undisputed record, the actions of Davis and Morris were lawful and proper as noted above. The officers seized the animals pursuant to Section 597.1 premised on reasonable grounds to believe immediate seizure was necessary for the safety of the animals and others. As also noted above, Davis applied only the amount of force necessary to overcome Ms. Jackson's resistance to the lawful seizure. Under these circumstances, the conduct was hardly outrageous. Accordingly, the Jacksons' fourth and sixth claims are subject to summary judgment.

#### 5. No Private Right of Action Under Art. I, § 13 of the California Constitution

The Jacksons' first, fourth, and sixth through eighth claims allege a violation of Art. I, § 13 of the California Constitution, which is California's equivalent to the Fourth Amendment of the United States Constitution prohibiting unreasonable searches and seizures. These claims fail as a matter of law because no California court has held that Art. I, § 13 of the California Constitution provides a

private right of action for damages. *See Bates v. Arata*, No. C 05-3383 SI, 2008 WL 820578, at *4 (N.D. Cal. 2008) (declining to recognize a private right of action for an alleged violation of Art. I, § 13 in the absence of any such recognition from the California courts).

### 6. Claim Two - Procedural Due Process

The Jacksons' second claim, against the City of Campbell, is for denial of procedural due process under the California Constitution. The hearing officer, Captain Patterson of the Campbell police department, did not preside over the hearing in his capacity as a police officer, but rather as a *pro tem* SVACA hearing officer. SVACA itself conducted the hearing as it was required to do under Section 597.1(f)(2), not the City of Campbell. The City of Campbell, therefore is entitled to summary judgment as a matter of law because it had no connection to the hearing.

### C. Claim Eight - 42 U.S.C. § 1983

The Jacksons' eighth claim, brought pursuant to 42 U.S.C. § 1983, alleges a violation of the their rights to be free of unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution. The two-part test from *Saucier v. Katz*, 533 U.S. 194 (2001), requires a court first to ask whether the facts alleged show that the officer's conduct violated a constitutional right. *Inouye v. Kemna*, 504 F.3d 705, 712 (9th Cir. 2007) (citing *Saucier*, 533 U.S. at 201). If there is a constitutional violation, the court next asks whether the right was clearly established at the time the officer acted. *Id*. If the right was not clearly established at the time of the violation, the officer is entitled to qualified immunity. *Id*.

Under the first prong, the question is whether: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [officer's] conduct violated a constitutional right?" *Saucier*, 533 U.S. at 201. A warrantless search of a residence does not violate the Fourth Amendment's prohibition against unreasonable search and seizure if the officer has probable cause for the search and if exigent circumstances exist to justify the search. *LaLonde v. County of Riverside*, 204 F.3d 947, 954 (9th Cir. 2000). Probable cause requires only a fair probability of criminal activity determined by looking at the totality of the circumstances known to the officers at the time of the incident. *United States v. Alaimalo*, 313 F.3d 1188, 1193 (9th Cir. 2002).

Morris' entry into the Jacksons' home satisfies both the probable cause standard and the exigent

circumstances exception based on the undisputed facts before the Court. First, regarding probable cause, the totality of the circumstances known to Morris prior to entering the home were: (1) the concerned citizen's complaint reporting animals in bad health in the Jacksons' home; and (2) observation of a dog wearing a diaper to control bleeding and another dog with a broken jaw. Based on these two circumstances, Morris understandably concluded that the Jacksons might be in violation of Cal. Penal Code § 597.1. Second, the automobile exception to the warrant requirement is also applicable. *See California v. Carney*, 471 U.S. 386, 393 (1985) (finding that warrantless searches of automobiles are justified because the vehicle can be moved quickly out of the jurisdiction, and extending that rationale for the automobile exception to motor homes). Similar to the motor home in *Carney*, the Jacksons' home was readily mobile in that it had just been moved from a grocery store to a retail store parking lot prior to the incident at issue. If Morris had not acted on the tip from the concerned citizen, the Jacksons could have easily moved their home outside of the jurisdiction prior to a warrant being issued. Because both requirements for warrantless search were satisfied, Morris' entry into the Jacksons' home did not constitute an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments. The second prong of the *Saucier* test need not be reached as the undisputed facts reflect no violation of the Jacksons' constitutional rights.

D.   <u>Punitive Damages Under 42 U.S.C. § 1983</u>

Officers sued in their individual capacity under 42 U.S.C. § 1983 are subject to punitive damages only upon a showing that their conduct was "motivated by evil motive or intent, or [involved] reckless or callous indifference to the federally protected rights of others." *Smith v. Wage*, 461 U.S. 30, 56 (1983). Where no evidence is presented of the individual defendant's evil intent, punitive damages may be denied as a matter of law. *Ward v. San Jose*, 967 F.2d 280, 286 (9th Cir. 1991). In California, a plaintiff must prove by "clear and convincing evidence that defendant has been guilty of oppression, fraud, or malice . . . ." Cal. Civ. Code § 3294(a). Here, the Jacksons provide no evidence in their FAC that Davis or Morris exhibited evil intent or malice. Accordingly, there is no basis for punitive damages.

## V. CONCLUSION

For the reasons set forth above, the motion for summary judgment by SVACA, Morris, Davis, and the City of Campbell, and the motion for summary judgment by the Humane Society are both granted.

IT IS SO ORDERED.

Dated: October 2, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANTS SVACA, DAVIS, MORRIS, CITY OF CAMPBELL, AND THE HUMANE SOCIETY
C 07-5667 RS

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Dirk Donald Larsen     DLarsen@lowball.com, sgravem@lowball.com

Harry C. Gilbert     hgilbert@travelers.com, paugusta@travelers.com

Mark F. Hazelwood     mhazelwood@lowball.com, dcostes@lowball.com

Michael C. Serverian     mserverian@rllss.com

Stuart McLeod Wilson     stuartwilson@earthlink.net

William Robert Seligmann     bill@southbaylaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 10/2/08**                                                         **Richard W. Wieking, Clerk**

                                                                    **By:      Chambers**

ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANTS SVACA, DAVIS, MORRIS, CITY OF CAMPBELL, AND THE HUMANE SOCIETY
C 07-5667 RS

14