**United States District Court**
For the Northern District of California

1

2

3                                              **\*E-FILED 12/5/08\***

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                              SAN JOSE DIVISION

9    LEE JACKSON, et. al                      NO. C 07-5667 RS

10                    Plaintiffs,             **ORDER GRANTING SUMMARY**
                                              **JUDGMENT FOR DEFENDANT**
11        v.                                  **CITY OF SANTA CLARA**

12   SILICON VALLEY ANIMAL CONTROL
     AUTHORITY, et al.,
13
                      Defendants.
14   _____/

15

16                            I.  INTRODUCTION

17        The sole remaining defendant, City of Santa Clara ("the City"), moves for summary

18   judgment, or in the alternative, for partial summary judgment against plaintiffs Lee and Kenneth

19   Jackson pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]  Plaintiffs' counsel neither

20   filed an opposition to summary judgment nor appeared at the scheduled hearing.  While such failure

21   warrants the granting of summary judgment for failure to prosecute,[2] *Hernandez v. City of El Monte*,

22

23        [1]      Summary judgment previously was granted for defendants Silicon Valley Animal
          Control Authority ("SVACA"), SVACA officers Al Davis and Antje Morris, the Humane Society
24        Silicon Valley ("Humane Society"), and the City of Campbell on all of plaintiffs' claims in the
          Court's October 10, 2008 Order.  The City, however, did not move for summary judgment with those
25        defendants.

26        [2]      As explained in the Court's previous order, plaintiffs' counsel similarly did not file a
          substantive opposition on the two summary judgment motions submitted by the other defendants.
27        Instead, counsel simply invoked Rule 56(f) in a two page pleading filed shortly before the scheduled
          hearing.  Notwithstanding the late and deficient request, the Court extended the hearing date and
28        provided counsel with a renewed opportunity to file a substantive opposition.  None was ever
          submitted.  At an additional hearing, counsel appeared but gave neither any indication that an

                                              1

United States District Court

For the Northern District of California

138 F.3d 393, 400 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)), the Court has undertaken a review of the substantive issues presented in connection with the pending summary judgment.  Based on that examination, and for the reasons set forth below, the motion for summary judgment will be granted.

## II.  BACKGROUND[3]

As reflected in the prior order, SVACA officers determined that the condition of the Jacksons' home and the animals inside required them to seize the animals pursuant to Cal. Penal Code § 597.1 and to call the Santa Clara Police Department for backup.  Shortly thereafter, Santa Clara police officers, including Officer Kenia McElmurry, arrived and were apprised of the possible seizure of the animals by the SVACA.  McElmurry Decl. ¶¶ 3-4.  Officer McElmurry observed Ms. Jackson standing outside her home in front of the door shouting at the SVACA officers that they could not take her animals.  *Id*., ¶ 5.  After Ms. Jackson attempted to block the SVACA officers from entering the home, Officer McElmurry approached and escorted Ms. Jackson by her arm, not handcuffed, to the patrol vehicle.  *Id*., ¶ 6.  She sat in the back of the patrol vehicle with the door open, her feet touching the pavement.  *Id*.  Ms. Jackson claims she experienced soreness in her neck and wrist following the encounter, but did not seek medical treatment.  As noted in the previous order, after a hearing finding the Jacksons in violation of Cal. Penal Code § 597.1, the animals were formally turned over to the Humane Society.

In June 2006, the Jacksons filed a claim with the City stating that the Santa Clara police officers illegally seized their pets and that an SVACA officer assaulted and battered Ms. Jackson.  Hayton Decl., Exs. G-H.  On August 2, 2006, the Jacksons were notified by the City that their claims were rejected.  *Id*., Ex. K.  On January 29, 2007, the Jacksons filed a complaint in state court followed by a first amended complaint ("FAC").  On November 7, 2007, SVACA removed the litigation to federal court.  The FAC advances seven claims for relief against the City: (1) violation

---

opposition would ever be filed nor any explanation beyond overwork for the failure to file an opposition.

[3]    The facts previously set forth in the Court's Order dated October 10, 2008, are incorporated here.

of the Fourth Amendment of the United States Constitution and Art. I, § 13 of the California

Constitution; (2) negligent hiring, training, and supervision; (3) negligent infliction of emotional

distress; (4) assault and battery; (5) intentional infliction of emotional distress; (6) conversion; and

(7) violation of 42 U.S.C. § 1983 for unreasonable search and seizure.

### III.  LEGAL STANDARD

Summary judgment is proper "if the pleadings and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The purpose of summary

judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex v. Catrett*,

477 U.S. 317, 323-24 (1986).

The moving party "always bears the initial responsibility of informing the district court of the

basis for its motion, and identifying those portions of 'the pleadings and admissions on file, together

with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material

fact." *Id*. at 323.  If it meets this burden, the moving party is then entitled to judgment as a matter of

law when the non-moving party fails to make a sufficient showing on an essential element of his

case with respect to which he bears the burden of proof at trial.  *Id*. at 322-23.

The non-moving party "must set forth specific facts showing that there is a genuine issue for

trial." Fed. R. Civ. P. 56(e).  The non-moving party cannot defeat the moving party's properly

supported motion for summary judgment simply by alleging some factual dispute between the

parties.  To preclude the entry of summary judgment, the non-moving party must bring forth

material facts,  i.e., "facts that might affect the outcome of the suit under the governing law  . . . .

Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby,

Inc.*, 477 U.S. 242, 247-48 (1986).  The opposing party "must do more than simply show that there is

some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475

U.S. 574, 588 (1986).  Here, plaintiffs have advanced no alternative version of the facts; thus the

question presented by this motion is whether, on the facts as set forth in defendant's motion, the City

of Santa Clara is entitled to summary judgment as a matter of law.

United States District Court
For the Northern District of California

3

IV.  DISCUSSION

A.    Cal. Gov. Code § 954.4 and State Based Immunity

The first and third through seventh claims for relief are based on California law.[4]  The City contends that all of these state law claims fail by virtue of Cal. Gov. Code § 945.4 and/or state based immunity for public entities and public employees.

1.  Cal. Gov. Code § 954.4

The City argues that pursuant to Cal. Gov. Code § 954.4, the Jacksons' state law claims are barred.  Section 954.4 provides that no suit for money or damages may be brought against a public entity until a written claim has been presented to that entity and been acted upon or has been rejected.  Cal. Gov. Code § 954.4.  A claim presented before a public entity is required to show: (1) the date, place, and other circumstances that gave rise to the claim; (2) a general description of the injury, damage, or loss incurred; and (3) the names of the public employees causing the injury, damage, or loss.  Cal. Gov. Code § 910.  The purpose of the statute is to give the public entity sufficient notice for it to investigate the claims and settle them, not to eliminate meritorious ones. *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal.4th 441, 446 (2004).

A claim need not specify each particular act that caused injury.  *Id.*  A complaint with additional claims and facts beyond those given in a claim to a public entity is not defective so long as the complaint is not based on an entirely different set of facts.  *Id.*  "Only where there has been a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim, have courts generally found the complaint barred."  *Id.*  (citation and quotations omitted).  Where the

---

[4]       The first claim in the Jacksons' FAC contains only the following:

Defendants unlawfully entered Plaintiff's [sic] motorhome, unlawfully seized Plaintiffs' pet animals, unlawfully detained Plaintiffs and assaulted and battered Lee Jackson, causing Plaintiffs severe mental, emotional and physical harm and depriving them of their property, pet animals in violation of their rights under the U.S. Constitution, Amendment 4 and California Constitution, Article 1, Section 13.

The first claim is made pursuant to the Fourth Amendment to the U.S. Constitution and Art. I, § 13 of the California Constitution.  To the extent the claim purports to be under the U.S. Constitution, it is actionable only under 42 U.S.C. § 1983 which is addressed below.  The remaining state law aspect of the claim is not cognizable for the reasons set forth in this order.

United States District Court
For the Northern District of California

4

United States District Court

For the Northern District of California

1   complaint merely elaborates detail to a claim, and is predicated on the same fundamental actions,

2   courts generally find that the claim fairly reflects the facts pled in the complaint.  *Id*.

3          In the instant case, the Jacksons presented their claim against the Santa Clara officers to the

4   City in June 2006.  The City contends that because the Jacksons only alleged that the Santa Clara

5   officers aided the SVACA officers illegally to seize the Jacksons' animals, they now are precluded

6   from raising additional claims for relief.  Similar to the plaintiff in *Stockett*, however, the Jacksons

7   complied with Sections 910 and 954.4.  The Jacksons stated the date and place of the seizure,

8   attempted to name the seizing officers they believed were responsible, and generally stated the

9   circumstances behind the seizure of their animals.  While their claim did not specifically assert every

10  state law claim brought in this case, these claims for relief do not stem from additional facts that

11  needed to be separately presented under Sections 910 and 945.4.  The Jacksons, therefore, put the

12  City on notice of the claims for relief stemming from the seizure of the animals.  *See Elias v. San*

13  *Bernardino County Flood Control Dist.*, 68 Cal.App.3d 70, 74 (1977) (the claims statute "should not

14  be applied to snare the unwary where its purpose has been satisfied").

15         2.   State Based Immunity

16         Even in the event, as explained above, that plaintiffs' claims were properly presented, the City

17  maintains that all of the Jacksons' state law claims fail because of state based immunity for public

18  entities and public employees.  The California Government Code provides that "[a] public entity is

19  not liable for an injury, whether such injury arises out of an act or omission of the public entity or a

20  public employee or any other person."  Cal. Gov. Code § 815.  Section 820.2 adds that "a public

21  employee is not liable for an injury resulting from his act or omission where the act or omission was

22  the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

23  *Id*., § 820.2.  This section is also applicable to the public entity employer.  *Id*., § 815.2(b).  Section

24  820.2 immunity applies where a statute commits a decision to the discretion of a public employee.

25  *See Pose v. State of Cal.*, 180 Cal.App.3d 836, 850 (1986).

26         An officer's decision to use reasonable force in an arrest situation is an exercise of discretion

27  protected by Section 820.2.  *Price v. County of San Diego*, 990 F. Supp. 1230, 1244 (S.D. Cal.

28  1998).  Here, the only contact the City had with the Jacksons was when Officer McElmurry took Ms.

Jackson by her arm, escorted and then placed her in the patrol vehicle. It is undisputed that she was not handcuffed and was able to sit in the back of the vehicle with the door open and her feet touching the ground. Officer McElmurry did so after Ms. Jackson refused to allow the SVACA officers to enter her home pursuant to Cal. Penal Code 597.1. As such, the officer's actions fall within the immunity protections afforded under California law. The City similarly is immune as a public entity. Because the City and Officer McElmurry are public entities or public employees entitled to immunity on the state law claims, to the extent the application of force was reasonable, they cannot be liable for any state law tort. The record before the Court reflects no facts suggesting the application of unreasonable force.

B.    Additional Failures of State Law Claims

Notwithstanding the overriding failure of the state law claims pursuant to state based immunity, the state law claims additionally fail for the reasons described below.

1.    Claim Five - Assault and Battery

The Jacksons' fifth claim alleges that the police officer's conduct constitutes an assault and battery in violation of Cal. Penal Code §§ 241, 242. In California, an assault is "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Cal. Penal Code § 240. A battery is defined in California as "any willful and unlawful use of force or violence upon the person of another." *Id.*, § 242. A police officer may use reasonable force to overcome resistance. *Id.*, § 835a. The reasonableness standard is objective, highly deferential to the officer, and viewed from the perspective of a reasonable officer on the scene. *Martinez v. County of Los Angeles*, 47 Cal.App.4th 334, 343 (1996). Plaintiffs must prove unreasonable force. *Edson v. City of Anaheim*, 63 Cal.App.4th 1269, 1273 (1998).

In the instant case, it is undisputed that the only force applied was when McElmurry led Ms. Jackson by her arm to the patrol vehicle after she tried to prevent the SVACA officers from entering her home. As previously held in the prior order, the seizure of the animals was authorized under Cal. Penal Code § 597.1. It appears from the undisputed facts that McElmurry applied only enough force to Ms. Jackson to overcome her obstruction to the lawful seizure of the animals.

2.    Claim Three - Negligent Hiring, Training, and Supervision

**United States District Court**
For the Northern District of California

1  The Jacksons' third claim is for negligent hiring, training, and supervision.  In California, "[a]n

2  employer may be liable to a third person for the employer's negligence in hiring or retaining an

3  employee who is incompetent or unfit."  *Roman Catholic Bishop v. Superior Court*, 42 Cal.App.4th

4  1556, 1564 (1996).  Liability can only exist if the employer knows that the employee was a person

5  who could not be trusted to act properly without supervision.  *Federico v. Superior Court (Jenry G.)*,

6  59 Cal.App.4th 1207, 1216 (1997).

7  As discussed above, no City employee committed a state law tort against plaintiffs.  Even had

8  any of them done so, the Jacksons would have to show that the City knew of that employee's

9  propensities to commit such violations in order to maintain a claim against it for negligent hiring,

10  training, or supervision.  Based on the undisputed facts, no such showing has been made by the

11  Jacksons.

12      3.  Claim Seven - Conversion

13  Under their seventh claim, the Jacksons allege that the City converted the dogs and cats that

14  SVACA seized from their motor home.  In California, conversion is the "wrongful exercise of

15  dominion over the property of another."  *Burlesci v. Petersen*, 68 Cal.App.4th 1062, 1065 (1998).  In

16  *Broden*, plaintiff did not pay the required impoundment costs for his seized animals.  70 Cal.App.4th

17  at 1219.  He later sued the humane society for the cost of the lost offspring of his animals.  *Id*.  The

18  court held that under Cal. Penal Code § 597.1(h), plaintiff had abandoned his animals and no longer

19  had any possessory interest in them that could support an award of damages.  *Id*. at 1219, 1225.

20  Similarly here, as explained in the prior order, to the extent the SVACA followed Cal. Penal Code §

21  597.1, the seizure of the animals was lawful because the Jacksons lost all possessory interest in the

22  animals after they failed to pay board and care charges as required by law.  Moreover, neither the

23  City nor its officers had contact with any of the Jacksons' animals and accordingly possessed no

24  power to direct the disposition of them.

25      4.  Claims Four and Six - Negligent and Intentional Infliction of Emotional Distress

26  Plaintiffs' fourth and sixth claims are for negligent and intentional infliction of emotional

27  distress respectively.  A claim for intentional infliction of emotional distress requires that the

28  Jacksons prove: (1) defendants' outrageous conduct; (2) defendants' intention of causing, or reckless

disregard of the probability of causing, emotional distress; (3) their suffering of severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by defendants' outrageous conduct. *Hernandez v. Gen. Adjustment Bureau*, 199 Cal.App.3d 999, 1007 (1988).

Negligent infliction of emotional distress is not an independent tort. *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal.3d 583, 588 (1989). Instead, emotional distress is a common additional element of damages, which may be given when the claim is otherwise established. *See Long v. PKS, Inc.*, 12 Cal.App.4th 1293, 1298 (1993). A negligence action "requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff." *Ann M. v. Pac. Plaza Shopping Ctr.*, 6 Cal.4th 666, 673 (1993).

As previously adjudged, the actions of the SVACA officers were lawful and proper. The officers seized the animals pursuant to Section 597.1 premised on reasonable grounds to believe immediate seizure was necessary for the safety of the animals and others. The amount of force used was hardly outrageous. Similarly here, McElmurry applied only the amount of force necessary to overcome Ms. Jackson's resistance to the lawful seizure. As with the claims against the other defendants, no facts support a finding against the City for negligent or intentional infliction of emotional distress.

5. <u>No Private Right of Action Under Art. I, § 13 of the California Constitution</u>

The Jacksons' first, fourth, and sixth through eighth claims allege a violation of Art. I, § 13 of the California Constitution; California's equivalent to the Fourth Amendment of the United States Constitution prohibiting unreasonable searches and seizures. These claims fail as a matter of law because no California court has held that Art. I, § 13 of the California Constitution provides a private right of action for damages. *See Bates v. Arata*, No. C 05-3383 SI, 2008 WL 820578, at *4 (N.D. Cal. 2008) (declining to recognize a private right of action for an alleged violation of Art. I, § 13 in the absence of any such recognition from the California courts).

C.   <u>Claim Eight - 42 U.S.C. § 1983</u>

The Jacksons' eighth claim, brought pursuant to 42 U.S.C. § 1983, alleges a violation of their rights to be free of unreasonable searches and seizures under the Fourth and Fourteenth

8

1   Amendments to the United States Constitution.  Generally the two-part test from *Saucier v. Katz*,

2   533 U.S. 194 (2001), requires a court first to ask whether the facts alleged show that the officer's

3   conduct violated a constitutional right.  *Inouye v. Kemna*, 504 F.3d 705, 712 (9th Cir. 2007) (citing

4   *Saucier*, 533 U.S. at 201).  Here, however, the City could not have violated the Jacksons' Fourth and

5   Fourteenth Amendment rights because the Santa Clara police officers neither entered the Jacksons'

6   motor home nor seized any of the animals.  The SVACA officers entered the home and seized the

7   animals, an event this Court determined not to constitute a constitutional violation.  Likewise, the

8   City bears no liability on plaintiffs' federal claim.[5]

9                                                  V.  CONCLUSION

10          For the reasons set forth above, the motion for summary judgment by the City on all claims for

11  relief averred against it is granted.

12          IT IS SO ORDERED.

13

14  Dated: December 5, 2008                     _____
                                                RICHARD SEEBORG
15                                              United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27          [5]         Plaintiffs do no bring a Section 1983 claim premised on excessive force.

28  ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT CITY OF SANTA CLARA
    C 07-5667 RS

**United States District Court**
For the Northern District of California

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Dirk Donald Larsen      DLarsen@lowball.com, sgravem@lowball.com

Harry C. Gilbert      hgilbert@travelers.com, paugusta@travelers.com

Mark F. Hazelwood      mhazelwood@lowball.com, dcostes@lowball.com

Michael C. Serverian      mserverian@rllss.com

Stuart McLeod Wilson      stuartwilson@earthlink.net

William Robert Seligmann      bill@southbaylaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 12/5/08**                                      **Richard W. Wieking, Clerk**

                                                   **By:      Chambers**

ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT CITY OF SANTA CLARA
C 07-5667 RS

United States District Court
For the Northern District of California