*E-Filed 11/9/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEE JACKSON, et al.,<br><br>    Plaintiffs,<br>  v.<br><br>SILICON VALLEY ANIMAL CONTROL, et al.,<br><br>    Defendants.<br>_____/ | **No. C 07-05667  RS**<br><br>**ORDER** |

Plaintiff Lee Jackson, acting in *pro se*, has submitted letter requesting the Court to "re-open this case." Jackson attaches various materials relating to her contention that her counsel did not adequately represent her in this action or to her underlying contentions on the merits. Based on a motion for summary judgment that was not substantively opposed, judgment in favor of all defendants except the City of Santa Clara was entered on October 2, 2008. Judgment for the City of Santa Clara was similarly entered upon an unopposed motion on December 5, 2008.

Even liberally construing Jackson's letter as a motion for relief under Rule 60 (b) of the Federal Rules of Civil Procedure, there has been no showing that would permit the Court to reopen this case.[1]  Accordingly, Jackson's request is denied.

The Court notes, however, that among the materials Jackson submitted with her letter is a copy of correspondence she received from the State Bar of California in response to her filing of a complaint against her counsel.   The Bar listed the allegations of Jackson's complaint as including charges that counsel, "failed to properly move [her] case forward to a conclusion, abandoned the representation, and dismissed [her] case without [her] permission."  The Bar contacted counsel regarding the allegations and summarized the response he provided as follows:

> 1. He filed your case and advanced your case to the point of summary judgment motions.  The case ended when defendants' two motions for summary judgment were granted.
>
> 2. The case was not dismissed by him but by the court.

Based on its investigation, the Bar concluded that the matter did not warrant further action.

While the Court does not have a complete record of the communications between the Bar and counsel, the summary given by the Bar suggests that counsel may have been less than fully candid regarding how the summary judgment motions proceeded in this Court.  The first summary judgment order stated:

> Rather than file a substantive opposition at the designated date required by the rules of court, plaintiffs' counsel simply invoked Rule 56(f) in a two page pleading filed shortly before the scheduled hearing.  In that submission, plaintiffs' counsel invoked Rule 56(f) premised entirely on the need for transcripts from the depositions of officers Davis and Morris. Nowhere in those two pages did plaintiffs' counsel provide the specific reasons, as the rule requires, to justify delay or even to explain how the deposition transcripts, once completed, would reveal any disputed issues of fact warranting denial of summary judgment.
>
> Notwithstanding the late and deficient Rule 56(f) request, this Court extended the hearing date and provided plaintiffs' counsel with a renewed opportunity to file a substantive

---

[1] Additionally, as to the judgment entered in favor of all defendants except the City of Santa Clara, the one-year limit for seeking relief under Rule 60(b)(1), (2), or (3), had expired prior to the date of Jackson's letter.

opposition.  Neither transcripts nor an opposition, however, were ever submitted.  An additional hearing was held on October 1, 2008, at which plaintiffs' counsel appeared but gave neither any indication that an opposition would ever be filed nor any explanation beyond overwork for the failure to file an opposition or to request an extension of time to do so.  Time has now run out and, for the reasons set forth below, the motions for summary judgment will be granted.[2]

The subsequent order granting summary judgment in favor of the remaining defendant noted that as to that motion, "[p]laintiffs' counsel neither filed an opposition to summary judgment nor appeared at the scheduled hearing."[3]

In view of these circumstances, the Clerk is hereby directed to provide a copy of this order and its attachments to the State Bar of California, with reference to its Inquiry No. 09-09119.  The Court expresses no opinion as to whether the conduct of counsel described herein warrants further action by the Bar, but believes that this information should be available to the Bar for its consideration.   It should be further noted that neither summary judgment motion was granted solely on the basis that no substantive opposition was filed; in each instance the Court analyzed the evidence and law presented by the moving parties before concluding that judgment in their favor was warranted.  The Court has no information as to whether valid and persuasive grounds for opposing the motions may have existed or not.

IT IS SO ORDERED.

Dated: November 9, 2009

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

---

[2] A copy of the complete order is attached hereto as Exhibit A.

[3] A copy of the complete order is attached hereto as Exhibit B.